No. 10,738.

THE STATE OF LOUISIANA VS. JOHN JACKSON.

43   183|
45   687|
45  1453|
43   183;
104   225
f104  226

An indictment which does not charge that the accused inflicted a wound " *less than mayhem*," as required by Section 924, R. S., amended by Act 17 of 1888, is fatally defective.

Those words, " *less than mayhem*," or others of equivalent import, found in the statute, should have been used.

Whether the facts were properly alleged or constitute an offence may be inquired into on a motion in arrest.

APPEAL from the Third District Court, Parish of Claiborne.
Barksdale, J.

Walter H. Rogers, Attorney General, and E. H. McClendon, District Attorney, for the State, Appellee.

C. W. Seals for Defendant and Appellant.

The opinion of the court was delivered by

BERMUDEZ, C. J.    The defendant was indicted for wilfully and feloniously, with a dangerous weapon, to-wit: a large stick, inflicting a wound on the person of one W. C. M., with intent then and there to kill, contrary to, etc., and further, for wilfully and maliciously assaulting and beating the aforesaid W. C. M., contrary to, etc.

He was found guilty as indicted.

Before sentence he made a motion in arrest of judgment, charging that the indictment under which he was convicted is totally and fatally defective, for the reason that the first count does not allege an offence known to the laws of this State; that the averments in the same are so ambiguous and uncertain that the court could not tell of what crime the defendant has been convicted.

His motion was overruled, and he was sentenced to nine months at hard labor.

The contention is that the accused should have been indicted in the words of the statute, and that he was not so charged.

Section 794, R. S., under which it is apparent that it was designed to prosecute the accused, was amended by Act No. 17 of 1888, p. 14, and now reads as follows:

"Whoever shall wilfully and maliciously, with a dangerous weapon, or with intent to kill, inflict a wound less than mayhem, upon another person, shall, on conviction, be imprisoned not exceeding two years, with or without hard labor, and fined not exceeding $1000."

The indictment does not contain the word "*maliciously*" to which the word "*feloniously*" is substituted, and does not contain the words "*less than mayhem*," to which none are substituted; so that it simply charges that the accused did wilfully and feloniously, with a dangerous weapon, with intent to kill, inflict a wound.

There is no complaint as to the absence of the word "*maliciously*," the words "with *intent to kill*" being in the indictment; but the complaint is, that the indictment does not contain the words "*less than mayhem*," which are essential.

There is foundation for the complaint. The description of the offence must be technically exact. The special matter of the whole fact should be set forth in the indictment with such certainty that the offence may judicially appear to the court. Wharton Crim. Law, 287, 285.

It is settled by a long line of precedents resting on principle, that in the prosecution for the commission of a statutory offence, the words of the statutes or others of fully equivalent import should be employed.

In a case like this, the accused probably could not have required specifications of the nature of the wound; whether it was the putting out of an eye, the cutting or biting off of an ear, or of the nose, or depriving the party of the use of a particular limb or member of the body; but he was surely entitled at least to a notification of the general character of the wound, which would have been sufficiently conveyed by the use of the words of the statute, "*less than mayhem.*"

The answer made to this objection is that the grand jury found a true bill against the accused for inflicting a wound *less than mayhem.*

The finding of the grand jury was not incorporated *in* the indictment, but was put on the back of it. It was not thereby injected into the charge. The accused is not presumed to have known of it, and even if so, was not bound to notice it. He stands prosecuted for the causes set forth in the body of the instrument, and it is to those charges, and to no others, that he pleaded "*not guilty.*"

It is settled that whether the facts in an indictment are properly alleged or constitute a crime, may be inquired into on a motion in arrest. Waterman's D., 363, 10.

The indictment is fatally defective.

It is therefore ordered that the verdict and the sentence thereon be annulled, and that the indictment be quashed; the accused to remain in custody until the further seasonable action of the State on the charge against him.