The opinion of the court was delivered by
Parlange, J.
The defendant was charged with an assault upon one Richard Berry by shooting at said Berry. The defendant was tried by a jury, found guilty and sentenced to imprisonment in the State penitentiary for a term of six months. He has appealed, and he relies, for the reversal of the verdict and sentence, upon the error which he urges to have been committed by the trial judge in overruling his motion for a new trial.
*1183 The reasons for which the new trial was asked are:
1. “That the defendant is indicted under Sec. 792 of the Revised Statutes of the State of Louisiana, for ‘ assault by wilfully shooting at,’ and that the indictment charges him with wilfully and feloniously making an assault upon one Richard Berry, by shooting at said Berry, and that the omission of the word ‘ wilfully’ as qualifying the ‘ shooting act’ renders the indictment invalid and fatally defective.” * *
2. “That the offence charged is a statutory one, and the offence should be set forth in the language of the statute, which is not done in this indictment, and that the offence charged is not denounced as a crime by the statutes of the State of Louisiana.”
The indictment purports to have been drawn under Sec. 792 of the Revised Statutes, which section makes it penal to “assault another by wilfully shooting at him.”
The question is whether under such a statute an indictment is good which charges that a defendant “did wilfully make an assault upon another by shooting at him.”
The words “ wilful,” “wilfully,” have a significance. The word “ wilfully ” is not to be treated as surplusage or as being immaterial in the statute under consideration. On the contrary, it is essential to the description of one of the offences denounced in Sec. 792 Revised Statutes. That statute provides punishment for any one who commits a particularized assault, to-wit: An assault by wilfully shooting at another. It is perfectly clear that under Sec. 792 Revised Statutes, a person could not be punished for commuting an assault by a “ shooting at¡” which would not be “ wilfully ” done within the intendment of that statute, and therefore the indictment must charge the “ shooting at ” to be “ wilfully ” done.
The defendant in the Brady case, 39 An. 687, was prosecuted under Section 792 Revised' Statutes, and on a charge identical with the one in this case. In the Brady case the indictment charged both the assault and the “shooting at” to be wilfully committed. This court said:
“Now, as the indictment propounds the charge-of a felonious, malicious and wilful assault ‘ by wilfully shooting at,’ it is clear that it does contain a charge of an offence known to our laws, since the same is specially denounced in the statute under discussion. And as the language used in the indictment is already redundant by the qualifications of the assault, which were not necessary under the terms of the statute,” etc.
*1184 This language shows that the views herein expressed are in conformity with the opinion in the Brady case.
The indictment in this case is fatally defective.
It is therefore ordered that the verdict of the jury and the judgment of the court appealed from be annulled, avoided and reversed; and that the defendant be detained in custody subject to the orders of the Fifth Judicial District Court for the parish of Morehouse, to await further prosecution or proceedings according to law.