*1452 The opinion of the court was delivered by
Parlange, J.
The defendant was prosecuted under an information charging him with cutting and stabbing with a dangerous weapon, under Section 791 of the Revised Statutes, as amended by Act 43 of 1890. The jury found him guilty under Act 44 of 1890, Which provides punishment for “whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to kill.”
The district judge charged the jury that five verdicts might be found, to-wit: 1. Guilty, as charged; 2. Guilty under Act 44 of 1890; 3. Guilty of assault aud battery; 4. Guilty of assault; 5. Not guilty. The defendant did not then ask for additional charges. The jury, after deliberating, returned into court with the following verdict: “We the jury find the defendant guilty with intent to commit manslaughter.”
The district judge then informed the jury “ that the verdict thus rendered was ambiguous and not stated with legal certainty,” and after further charging the jury as to the legal meaning and intent of Section 791 of the Revised Statutes and of Act 44 of 1890, he remanded them back to the jury room for further deliberation and finding. At this stage of the proceedings the defendant’s counsel requested the court to further charge the jury that, if the evidence warranted, they could find a verdict under the following statutes, to-wit: 1. Section 794, Revised Statutes, for inflicting a wound less than mayhem with a dangerous weapon, or with intent to kill; 2. Section 796, Revised Statutes, for assault and battery; 3. Section 797, Revised Statutes, for assault. The district judge refused the additional charges. The jury retired a second time, deliberated anew and returned a verdict of guilty under Act 44 of 1890.
The defendant’s counsel reserved a bill of exception to the refusal of the district judge to charge as he was asked, and the defendant having been sentenced to imprisonment in the State penitentiary for the term of eight months, he has appealed.
The defendant did not move for a new trial, nor did he move in arrest of judgment. No brief on his behalf has been filed in this court, and no assignment of errors has been made.
We are not concerned with the refusal of the district judge to charge a second time that verdicts of assault and battery and of simple assault were receivable under the information. Whether the *1453 defendant was entitled to such a charge or not, he had the benefit of it and will not be heard to complain that the district judge refused to reiterate the charge.
The point in the case is whether the defendant was entitled to a charge that a verdict could be lawfully returned under Sec. 794 R. S.
One of the general rules of criminal pleading is that a count of an indictment or information must contain but one substantive charge; and a count charging two or more distinct offences is bad for duplicity. There are exceptions to the rule, one of which is that when an offence necessarily includes another, and when the major offence can not be charged without also setting out the minor, a count in such a case, charging both offences, is not bad. The rationale of this exception is obvious. If the exception did not exist, it would be impossible to frame a valid indictment for an offence whenever the allegations required to charge it also described another offence. But when, without necessity, the pleader so enlarges upon a criminal statute as to bring within his charge under that statute another offence denounced by another statute, the count is bad.
When the charge for the major offence necessarily includes a charge for the minor, a verdict as to either is responsive, provided always that all the necessary allegations to charge the minor offence are pleaded in the indictment or information.
Applying these principles to the instant case it is evident that a verdict of “ cutting and stabbing with intent to kill,” under Act 44 of 1890, is clearly responsive to a charge of “cutting and stabbing with intent to kill and murder,” under Act 43 of 1890, amending Sec. 791 R. S. The offence denounced by the former act necessarily contains the offence denounced by the latter, and the information in the instant case necessarily contains all the required allegations for a charge under either act.
But a charge of “ cutting and stabbing with a dangerous weapon with intent to kill and murder’.’ does not contain the av erment requisite for a charge of “inflicting a wound less than mayhem with a dangerous weapon” under Sec. 794 R. S. as amended. This court has held that it is essential in an indictment under Sec. 794 R. S. to allege the inflicting of a wound less than mayhem, or words of equal import. Jackson’s case, 43 An. 183; and see Pratt’s case, 10 An. *1454 191; John’s case, 32 An. 812; Parker’s case, 42 An. 973; Day’s case, 37 An. 785.
A criminal pleader who, in drawing up a charge under Sec. 791 R. S., would so enlarge upon it as to unnecessarily bring within the allegations of the indictment an adequate technical charge under Sec. 794 would produce a count which would be bad for duplicity.
The joining of two or more charges in one count is not to be allowed,’unless it be done under one of the well recognized exceptions to the general rule stated. Duplicity is calculated to complicate criminal procedure without benefit or reason, and to confuse juries. It may hamper the prosecution or prove unfair to the defence.
The permissible joinder of cognate offences in different counts of the same indictment, under well established rules, affords to the criminal pleader all the scope which is needful to present a charge under different aspects so as to provide for variances between proofs and allegations, for the views of the court as to the particular accusation which will be borne out by a criminal transaction and for the misapprehension of the guilty act by the jurors, if it be presented to them only under one of its forms.
The district judge states that when the jury returned into court the first time it was evident to him that their intention was to find a verdict under Act 44 of 1890, and that he therefore charged them anew as to Acts 43 and 44 of 1890. We concur with the district judge in his opinion as to the intention of the jury. But whatever their intention may have been, the district judge did not err in refusing the irresponsive and ambiguous verdict, nor in recharging them as he did, nor in refusing to charge them that they might return a verdict under Section 794, Revised Statutes. Such a verdict would not have been responsive.
We find no error; therefore it is ordered that the judgment appealed from be affirmed.