State vs. Robinson.

No. 13,644.

STATE OF LOUISIANA VS. KING ROBINSON.

SYLLABUS.

1. The words "unlawfully, maliciously and feloniously," used in an indictment for wounding less than mayhem, are not the equivalent of "wilfully and maliciously" employed in the statute (Act 17 of 1888) relating to that offense.

2. "Unlawfully" and "feloniously" were not necessary to .be used, and neither supplied the place of "wilfully."

APPEAL from the Fourth Judicial District, Parish of Lincoln— Dawkins, J.

Walter Guion, Attorney General, and F. F. Preaus, District Attorney, (Lewis Guion, of Counsel), for Plaintiff, Appellee.

J. B. Holstead, for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J.   The indictment contained two counts:—

1. It charged that the accused "did wilfully and feloniously" with a dangerous weapon—a pistol—shoot Ernest Turner with intent then and there to kill him.

2. That at the time and place mentioned the accused "did unlawfully, maliciously and feloniously with a dangerous weapon, to-wit: a pistol, inflict a wound less than mayhem on the person of Ernest Turner."

The finding of the jury was as follows:—

"1st. We the jurors find the accused guilty of assault with a dangerous weapon."

"2nd. We the jurors find the accused guilty as charged."

Motion for new trial and in arrest of judgment followed.   Both were overruled and bills of exception taken.

The trial judge, giving as a reason therefor that the finding of the jury, in his view, had reference only to the second count, sentenced the

accused only under that count—that is, for wounding less than mayhem.

The sentence was twelve months' imprisonment in the penitentiary at hard labor, and from it this appeal is prosecuted.

*Ruling*—The verdict as returned by the jury, submitted to a critical examination, might perhaps be found legally objectionable in several respects, as for instance, did the jury intend their finding to relate, respectively, to the first and second counts of the indictment? If so, it were better they had indicated such intention in precise language. They did not specifically mention either count, or say that their first finding referred to the first count; their second finding to the second count. Their "firstly" and "secondly" may have referred alone, for aught to the contrary, to the second count of the indictment, as the trial judge evidently thought. Again, it is not an impossible construction that their second finding: "we the jury find the accused guilty as charged", may have referred to the whole indictment and not merely to its second count. To say the least of this verdict, it leaves the matter in some doubt.

But pretermitting that, and taking the judge's view of the verdict, that it relates to the second count, it remains to be seen whether it can stand when tested by the terms of the indictment and the law applicable thereto.

One of the grounds set up in the motion in arrest of judgment is that the omission of the word *wilfully* renders the indictment invalid.

The language of the second count is, the accused did "unlawfully, maliciously and feloniously * * * inflict a wound less than mayhem", etc.

The word "wilfully" is omitted.

Whether matter set forth in an indictment constitutes, *as alleged,* an offense under the law, may be inquired into on a motion in arrest of judgment.

State vs. Jackson, 43 La. Ann. 183.

While Section 794 of R. S., relating to wounding less than mayhem, does not make use of the word "wilfully", Act No. 17 of 1888 amends and re-enacts the section so as to include the words "wilfully and maliciously". Thus, "whoever shall wilfully and maliciously, with a dangerous weapon, or with intent to kill, inflict a wound less than mayhem upon another person, shall, on conviction, be imprisoned", etc.

The words "unlawfully" and "feloniously" used in this count were not necessary and neither takes the place of "wilfully" employed in the ı tatute. Neither has the same meaning and import as "wilfully"; neither is the equivalent of "wilfully."

In State vs. Langston, 45 La. Ann. 1182, it was held that "wilfully" has a significance, and where used in the statute as descriptive of the offense denounced, its employment in the indictment is essential.

In State vs. Jackson, 43 La. Ann. 184, it was held that the description of the offense charged in the indictment must be technically exact; and that in a prosecution for the commission of a statutory crime, the words of the statute, or others of fully equivalent import, should be employed.

In State vs. Watson, 41 La. Ann. 598, it was held that "feloniously" is not equivalent in meaning to "wilfully and maliciously", and that in an indictment for wounding less than mayhem, to make the inflicting of the wound an offense under the statute, it must be charged to have been done wilfully and maliciously.

In State vs. Williams, 37 La. Ann. 776, it was held that an indictment which did not comply with the requirements of the statute creating or defining the offense sought to be charged therein is fatally defective and cannot sustain a conviction. That case turned on the omission of the word "wilfully" and though "feloniously" and "malice forethought" were used, it was held insufficient since the statute used also the word "wilfully."

"When the words 'wilfully and maliciously' in a statute are descriptive of the offense, an indictment which charges that the act was done 'feloniously, unlawfully and wilfully' will be insufficient."

Waterman U. S. Crim. Dig., p. 343, Sec. 230.

We conclude that the omission of the word "wilfully" from the second count was fatal, and that the conviction and sentence based thereon cannot stand.

The motion in arrest of judgment should have been sustained.

For these reasons, it is ordered, adjudged and decreed that the verdict and sentence be reversed and annulled, and it is now adjudged and decreed that the motion in arrest of judgment be sustained, and the case remanded to the court a qua for further proceedings according to law.