180 So. 465

**STATE v. ANTOINE.**

No. 34400.

March 7, 1938.

Rehearing Denied April 4, 1938.

Gill & Simon, of New Orleans, for appellant.

Gasyon L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Charles A. Byrne, Dist. Atty., and Albert B. Granzin, Jr., both of New Orleans, for the State.

FOURNET, Justice.

The defendant, August Antoine, having been convicted of the offense of cutting with a dangerous weapon with intent to kill on a bill of information charging him with the crime of cutting with a dangerous weapon with intent to murder, was sentenced as a second offender under Act No. 15 of 1928 to serve not less than three nor more than six years at hard labor in the state penitentiary, and he has appealed.

During the trial of his case, defendant reserved a bill of exception to the ruling of the court overruling his objection to certain questions asked a defense witness under cross-examination. A mere reading of the testimony objected to conclusively shows that the bill of exception is without merit. Moreover, the defendant in urging his objection and reserving his bill of exception did not show "the grounds for the objection and the error complained of; so as to give the trial judge an opportunity to correct his error," and, therefore, could not take advantage of the exception on appeal. State v. Lanning, 134 La. 209, 63 So. 878. See, also, State v. Ricks, 170 La. 507, 128 So. 293.

The next alleged error complained of is incorporated in bill of exception No. 2, which was reserved to the overruling of

defendant's objection to the following remark of the assistant district attorney: "How has the defense combatted or met the case of the State?" The basis of this bill of exception was that the statement was an indirect comment on the fact that the defendant did not take the stand.

"Unless the district attorney makes the direct statement, or the inference is plain that he intended to bring to the attention of the jury the fact that the defendant had not testified, there is no ground for complaint." State v. Lewis, 156 La. 985, 101 So. 386, 387, and cases therein cited. See, also, State v. Glauson, 165 La. 270, 115 So. 484. In the language of this court in the case of State v. Lewis, supra, "We find nothing in the language complained of violative of either the letter or the spirit of the law. An accused may through different sources, other than by taking the stand himself, establish a defense or offer extenuating circumstances in mitigation of the crime charged."

We conclude that the language complained of here cannot be fairly construed to refer to the failure of the defendant to testify, nor does it tend to create any presumption against him for his failure to do so.

■■ Bill of exception No. 3 was reserved to the trial court's refusal to charge the jury that it could return either of the following verdicts in this case: (1) Guilty as charged, or (2) guilty of cutting with a dangerous weapon with intent to kill, or (3) guilty of cutting with a dangerous weapon with intent to kill and wounding less than mayhem, or (4) guilty of assault with a dangerous weapon, or (5) guilty of assault and battery, or (6) not guilty.

The accusation against the defendant was by bill of information, as follows: "That he did then and there, of his malice aforethought, wilfully and unlawfully and feloniously, cut, stab, strike and thrust one Pascal Longo with a dangerous weapon, to-wit: a knife, with intent to feloniously and wilfully and of his malice aforethought, to kill and murder said Pascal Longo * * *," under which the court charged the jury that either of the following verdicts would be responsive: (1) Guilty as charged; (2) guilty of cutting with a dangerous weapon with intent to kill; (3) not guilty.

Defendant contends that he was entitled to the requested charge under the provisions of the Code of Criminal Procedure which provide, that "whenever the indictment sets out an offense including other offenses of less magnitude or grade, *the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment,*" article 386, and "when the crime charged includes another of lesser grade, a verdict of guilty of the lesser crime is responsive to the indictment, and it is of no moment that the greater offense is a felony and the lesser a misdemeanor," article 406. Italics ours.

"The description of the offense charged in the indictment must be technically exact; and that in a prosecution for the commission of a statutory crime the words of the statute, or others of fully equivalent import, should be employed" (State v. Robinson, 104 La. 224, 28 So. 1002, 1003), and "when the charge for the major offense necessarily

includes a charge for the minor, a verdict as to either is responsive, *provided, always, that all the necessary allegations to charge the minor offense are pleaded in the indictment or information*" (State v. Jacques, 45 La.Ann. 1451, 14 So. 213, 214). Italics ours. See, also, State v. Jackson, 43 La.Ann. 183, 184, 8 So. 440; State v. Curry, 174 La. 287, 140 So. 480.

In the case of State v. Smith, 171 La. 452, 131 So. 296, 298, this court considered a bill of exception involving the right of the defendant under the above provisions of the Code of Criminal Procedure to have the jury charged that a verdict of guilty of assault with a dangerous weapon would be responsive to the indictment charging the defendant with cutting with a dangerous weapon with intent to kill, and disposed of the matter as follows:

"A verdict of guilty of an assault with a dangerous weapon is not responsive to a charge of cutting and stabbing with a dangerous weapon with intent to kill. The statute, denouncing the offense of cutting and stabbing with a dangerous weapon with intent to kill, does not denounce an assault, and consequently the indictment, which follows the words of the statute, does not charge an assault, which is also an essential ingredient of the crime of an assault with a dangerous weapon. * * * Hence, the requested charge was properly refused."

For the same reason, a verdict of guilty of assault with a dangerous weapon would not have been responsive in this case.

In the case of State v. Mitchell, 153 La. 585, 96 So. 130, 132, the trial judge refused to charge the jury that a verdict of cutting with intent to kill and wounding less than mayhem was responsive to a charge under Act No. 44 of 1890, and on appeal this court held: "The court properly refused to give the charge. *Such a verdict is not responsive to a charge of striking, stabbing, cutting, and thrusting with a dangerous weapon with intent to kill*" (italics ours), and cited as authority for such holding the case of State v. Murdoch, 35 La.Ann. 729; State v. Jacques, 45 La.Ann. 1451, 14 So. 213. In the Jacques Case, as in the case at bar, the defendant was convicted of cutting with a dangerous weapon with intent to kill on a charge by bill of information with the offense of cutting with a dangerous weapon with intent to murder. On appeal, this court approved the ruling of the trial judge who had refused to charge the jury that, if the evidence warranted, they could find a verdict under section 794 of the Revised Statute, i. e., of cutting with a dangerous weapon with intent to kill and inflict a wound less than mayhem, and disposed of the matter as follows:

"When the charge for the major offense necessarily includes a charge for the minor, a verdict as to either is responsive, provided, always, that all the necessary allegations to charge the minor offense are pleaded in the indictment or information.

"Applying these principles to the instant case, it is evident that a verdict of 'cutting and stabbing with intent to kill,' under Act No. 44 of 1890, is clearly responsive to a charge of 'cutting and stabbing with intent to kill and murder,' under Act No. 43 of 1890, amending section 791, Rev.St. The

offense denounced by the former act necessarily contains the offense denounced by the latter, and the information in the instant case necessarily contains all the required allegations for a charge under either act.

*"But a charge of 'cutting and stabbing with a dangerous weapon, with intent to kill and murder,' does not contain the averments requisite for a charge of 'inflicting a wound less than mayhem, with a dangerous weapon,' under section 794, Rev.St. as amended.* This court has held that it is essential, in an indictment under section 794, Rev.St. to allege the infliction of a wound less than mayhem, or words of equal import. Jackson's Case, 43 La.Ann. 183, 8 So. 440. And see Pratt's Case, 10 La.Ann. 191; Johns' Case, 32 La.Ann. 812; Parker's Case, 42 La.Ann. [972] 973, 8 So. 473; Day's Case, 37 La.Ann. 785." (Italics ours.)

Following the foregoing is the comment that:

"A criminal pleader, who, in drawing up a charge under section 791, Rev.St., would so enlarge upon it as to unnecessarily bring within the allegations of the indictment an adequate technical charge under section 794, would produce a count which would be bad for duplicity.

"The joining of two or more charges in one count is not to be allowed, unless it be done under one of the well-recognized exceptions to the general rule stated. Duplicity is calculated to complicate criminal procedure, without benefit or reason, and to confuse juries. It may hamper the prosecution or prove unfair to the defense."

Counsel for defendant did not seriously urge in their brief the merit of defendant's

contention that a verdict of assault and battery would have been responsive, and in oral argument, conceded that the request for such a charge to the jury, in view of the facts of the case, was without merit.

We therefore conclude that the trial judge properly declined to charge the jury as requested by the defendant in the instant case.

■■ The next bill of exception was reserved to the ruling of the court refusing a new trial on defendant's motion therefor based upon the usual allegations that the conviction was contrary to the law and evidence and also bills of exceptions which we have just disposed of and therefore presents nothing for further consideration.

The jury brought in a verdict of a lower grade than charged, to wit: "We, the jury, find the defendant guilty of cutting with a dangerous weapon, with intent to kill." The defendant filed a motion in arrest of judgment on the ground that this was a special verdict and did not contain the averments in the bill of information, i. e., "wilfully and unlawfully and feloniously" and was, therefore, not complete in itself.

"Where the verdict is one for an offense, included in a greater offense charged, or what is sometimes, though perhaps erroneously, termed a special verdict, the finding of the jury must be for an offense complete in itself. Where the verdict is for an offense that has a legal name, it suffices that the verdict be for that offense by name, *but where it has no legal name every fact or element necessary to constitute the offense must be found by the jury, for what is not found is supposed not to exist.* The court cannot

supply a fact necessary to constitute the crime. State v. French, 50 La.Ann. 461, 23 So. 606; State v. Jefferson, 120 La. 116, 44 So. 1004; State v. Bellard, 50 La.Ann. 594, 23 So. 504, 69 Am.St.Rep. 461; State v. Burdon, 38 La.Ann. 357; State v. Davis, 20 La.Ann. 354; State v. Ritchie, 3 La.Ann. [511] 512; Marr's Crim.Juris. Vol. 2, pp. 1082, 1083." State v. Curry, 174 La. 287, 140 So. 480, 481. Italics ours.

■ It is our opinion that the verdict found by the jury in this case contains all the elements necessary to constitute the offense under Act No. 44 of 1890, which provides that "whoever shall * * * cut * * * any person with a dangerous weapon with intent to kill shall be deemed guilty of a crime." The words, "wilfully, unlawfully and feloniously," which defendant claims should have been included in the verdict because they were contained in the information, were unnecessary for the proper accusation of which the defendant was found guilty, article 240, Code Cr.Proc.; State v. Hudgens, 189 La. 128, 179 So. 57, decided February 7, 1938, and therefore, equally unnecessary for a verdict. See, also, State v. Jacques, supra.

■ The last bill of exception was reserved to the overruling of a motion to quash the bill of information filed by the district attorney upon defendant's conviction, charging him with being a second offender under the provisions of Act No. 15 of 1928. The basis of the motion to quash is that defendant had been previously convicted of murder without capital punishment and sentenced to life imprisonment in the state penitentiary, and although he was

discharged under the provisions of Act No. 311 of 1926, upon his conviction in this case, his sentence under his previous conviction is automatically reinstated, and he must serve that term and because of that fact the provisions of Act No. 15 of 1928 do not apply in this case.

In support of this contention, it is argued by counsel for defendant, as stated in his brief: "All criminal statutes must be strictly construed in favor of a defendant. It, therefore, follows that if a conviction of a subsequent felony providing a penalty of life imprisonment does not fall within the purview of the act then, of necessity, a previous conviction which carried with it a life sentence, likewise is not embraced in the provisions of the Act."

The pertinent part of Act No. 15 of 1928 provides:

"That any person who, after having been convicted * * * of a felony * * * commits any felony, within this State, upon conviction of such second offense, shall be punished as follows:

"If the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed for a first conviction." Section 1.

It is perfectly evident from the provisions of the foregoing section that the object thereof is to increase the punishment of a second offender for a "term not less than

the longest term, nor more than twice the longest term, prescribed for a first conviction."

We gather from counsel's contention that because of the provisions of section 6 of Act No. 311 of 1926, upon his conviction in this case, defendant will lose the benefit of his commutation of sentence under his first conviction and will have to serve, in addition to the sentence imposed upon him in this case, the remainder of the sentence in his first conviction—life, and that it would therefore be absurd to charge the defendant under Act No. 15 of 1928. There might be some merit in counsel's argument if defendant were not entitled to commutation of sentence for both convictions under the provisions of Act No. 311 of 1926, for in section 2 thereof, it is provided that "when any convict in any parish prison or the penitentiary of this State *is held under more than one conviction,* the several terms of imprisonment imposed thereunder shall be construed as one continuing term for the purpose of estimating the amount of commutation which he or she may be entitled to under the provisions of this act." Italics ours. It is only upon a third conviction "that no commutation will be allowed under this Act to any convict." Section 4, Act No. 311 of 1926, as amended by Act No. 99 of 1932.

The practical effect of applying the provisions of Act No. 15 of 1928, to the defendant as a second offender, is that he will have to serve longer before he becomes eligible for release under Act No. 311 of 1926.

We therefore conclude that the motion to quash was properly overruled.

For the reasons assigned, the verdict of the jury and the sentence of the lower court are affirmed.