35 So.2d 216

**STATE v. ROBERTS.**

No. 38840.

March 22, 1948.

Rehearing Denied April 26, 1948.

Oglesby & Oglesby, of Winnifield, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Harry Fuller, Dist. Atty., of Winnifield, for appellee.

McCALEB, Justice.

Jesse R. Roberts was indicted under Article 27 of the Criminal Code (Act 43 of 1942) for attempting to murder one Cas Shirley by shooting him with a pistol. He was found guilty of aggravated battery and was sentenced to imprisonment in the State Penitentiary at hard labor for six years. Wherefore this appeal.

During the course of the proceedings, appellant reserved nine bills of exception. The principal one of these was taken to the action of the trial judge in overruling a motion to arrest the judgment on the ground that the verdict of aggravated battery is not responsive to the charge of attempted murder. We direct our immediate attention to this bill of exception.

The provisions of our law dealing with responsive verdicts are to be found in Articles 386, 405 and 406 of the Code of Criminal Procedure and Article V of the Criminal Code. These Articles declare:

"Whenever the indictment sets out an offense including other offenses of less magnitude or grade, the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment, and in all trials for murder the jury shall be instructed that they may find the accused guilty of manslaughter or negligent homicide." Article 386, Code of Criminal Procedure.

"The verdict must be responsive to the indictment, that is to say, *no one can be found guilty of an offense not charged in the indictment or not necessarily included in the offense charged*; and no verdict can be of any effect if found upon an indictment so defective as to charge no crime". Article 405, Code of Criminal Procedure. (*Italics ours*).

"When the crime charged includes another of lesser grade, a verdict of guilty of the lesser crime is responsive to the indictment, and it is of no moment that the greater offense is a felony and the lesser a misdemeanor." Article 406, Code of Criminal Procedure.

"An offender who commits an offense which includes all the elements of other lesser offenses, may be prosecuted for and convicted of either the greater offense or one of the lesser and included offenses. In such case, where the offender is prosecuted for the greater offense, he may be convicted of any one of the lesser and included offenses." Article V of the Criminal Code (Act 43 of 1942).

In consequence of the foregoing, the question posed is whether the elements of the crime of attempted murder (the greater offense) necessarily contains all of the elements of aggravated battery (the lesser offense).

■ Under Article 27 of the Criminal Code, attempts to commit a crime are denounced as offenses. The pertinent part of that Article provides that "Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; * * *". Therefore, the elements of the crime of attempted murder are specific intent to kill a human being (Article 30, Criminal Code) and an overt act in furtherance of the object. On the other hand, aggravated battery is a battery committed with a dangerous weapon (Article 34 of the Criminal Code) and battery is defined to be "the intentional use of force or violence upon the person of another * * *". Article 33 of the Criminal Code.

Thus, it is plain from the definitions of attempted murder and aggravated battery that the elements of the lesser offense are not necessarily included in the greater offense. Two simple illustrations suffice to demonstrate: (1) In attempted murder, use of a dangerous weapon is not essential, whereas, use of such a weapon is a necessary ingredient of aggravated battery and (2) if A intentionally shoots at B missing him, he is amenable to a charge of attempted murder but not aggravated battery as he has not applied force or violence upon B's person with a dangerous weapon.

Counsel for the state take the position that, in determining whether the charge of a greater offense contains all the elements of a lesser offense, the court is to be guided by the allegations of the indictment rather than the definition of the offenses involved. From this premise, it is asserted that, since the indictment in the instant case alleges that appellant attempted to murder Cas Shirley by shooting him with a pistol the charge contains all the elements of aggravated battery, as well as attempted murder, as it sets forth an application of force and violence upon Shirley's person with a dangerous weapon and that, therefore, the verdict of aggravated battery is responsive to the indictment.

■ We· cannot subscribe to this proposition. The basic error in the contention is that the test of whether a lesser offense is included in the charge of a greater is not that the indictment alleges a state of facts showing· a commission of a greater and lesser offenses but rather that all of the elements of the lesser crime are included in the definition of the greater offense.

In the case of State v. Antoine, 189 La. 619, 180 So. 465 (relied upon by the State) we quoted at length with approval from the case of State v. Jacques, 45 La. Ann. 1451, 14 So. 213, where a terse and able statement

of the rules applicable in cases of this sort is to be found.

In the Jacques case, the defendant was prosecuted under an information charging him with cutting and stabbing with a dangerous weapon with intent to murder and was found guilty of cutting and stabbing with intent to kill in violation of Act No. 44 of 1890. On appeal, he claimed that the judge should have charged the jury that they could bring in a verdict of a lesser offense defined by Section 794 of the Revised Statutes for inflicting a wound less than mayhem with a dangerous weapon. The court rejected this argument and observed:

"One of the general rules of criminal pleading is that a count of an indictment or information must contain but one substantive charge, and a count charging two or more distinct offences is bad for duplicity. There are exceptions to the rule, one of which is that when an offence necessarily includes another, and when the major offence cannot be charged without also setting out the minor, a count in such a case charging both offences, is not bad. The rationale of this exception is obvious. If the exception did not exist, it would be impossible to frame a valid indictment for an offence whenever the allegations required to charge it also described another offence. But when, without necessity, the pleader so enlarges upon a criminal statute as to bring within his charge under that statute another offence, denounced by another statute, the count is bad.

*"When the charge for the major offence necessarily includes a charge for the minor, a verdict as to either is responsive, provided, always, that all the necessary allegations to charge the minor offence are pleaded in the indictment or information."* [1] (Italics ours).

■■ Comparison of the provisions of Article 386, 405 and 406 of the Code of Criminal Procedure and Article 5 of the Criminal Code, which we have quoted above, with the prior jurisprudence discloses that the former are in reality a codifica-

---

[1] The italicized language was quoted with approval by us in State v. Antoine, supra, and counsel for the state assert that this language and a similar expression in State v. Barber, 167 La. 635, 120 So. 33, is authority for their contention that the allegations of the indictment govern the question of whether a verdict for a lesser crime is responsive. It is apparent to us that counsel are mistaken in their interpretation of the language used by the court. Reference in the Jacques opinion to "the charge for the major offence" necessarily including a charge for the minor does not mean the charge made in the indictment but the definition of the offense itself. The added proviso relative to the necessity of allegations charging the minor offense in the indictment or information is no longer of importance under modern criminal pleading—for, if the greater offense necessarily includes all the elements of the lesser one, specific allegations in an indictment relative to the lesser offense are not imperative.

tion of the well-settled pronouncements of this court relative to greater and lesser offenses and responsive verdicts. Under the law and the jurisprudence, it is vital to the validity of any verdict for a lesser offense that all the elements of that offense are necessarily contained in the definition of the greater offense. This view was stated by this court in State v. Desselles, 150 La. 494, 90 So. 773, 778, thus: "A court or jury having jurisdiction to try the defendant for the crime charged in a bill of indictment or information has jurisdiction to convict him of a less serious crime, of which, if charged alone, the court or jury would not have jurisdiction; *provided, of course, all of the elements of the less serious crime are essentially included in the definition of the crime charged."* (Italics ours.)

See also Marr's Criminal Jurisprudence, 2d Ed.. Vol. II, Sec 696, page 1078.

Since we find that the conviction for aggravated battery is not responsive to a charge of attempted murder, it follows that the judge erred in not sustaining the motion in arrest of judgment. And, inasmuch as the effect of this error requires a dismissal of the prosecution, it is unnecessary that we consider the other bills of exception.

For the foregoing reasons, the conviction and sentence appealed from are reversed, the motion in arrest of judgment is maintained and the proceedings against appellant are dismissed.