SIMON, Justice.
 

 Wayne H. Clayton was indicted under LSA-R.S. 14:71, as amended by Act 156 of 1956, for issuing a worthless check in exchange for the sum of $75 cash. He was found guilty by a jury of the “unauthorized use of a movable” as denounced by LSA-R.S. 14:68, and sentenced to pay a fine of $100 and costs, and to serve four months in the parish jail, and in default of payment of fine and costs an additional two months’ confinement. Wherefore this appeal.
 

 It appears that, prior to sentence being imposed, the defendant filed a motion in arrest of judgment wherein the constitutionality of Act 156 of 1956 amending LSA-R.S. 14:71 was assailed. The motion was sustained by the lower court from which judgment the State appealed. In proceedings before us bearing No. 43,473 of our docket 233 La. 972, 99 So.2d 312, the judgment appealed from was reversed, the statute held constitutional, and the case was remanded to the trial court for further proceedings, specifically the imposition of sentence.
 

 Upon being called into court for sentence, the defendant filed a motion in arrest of judgment on the ground that the verdict of “unauthorized use of a movable” is not responsive to the charge of “issuing worthless checks”.
 

 
 *1098
 
 The contention of the defendant was rejected, to which ruling he reserved a bill of exception. The defendant.was then sentenced by the trial court under the penalty provisions of LSA-R.S. 14:68. The merits of this bill is the sole issue here presented.
 

 The interrelated provisions of our law dealing with responsive verdicts are to be found in LSA-R.S. 14:5, 15:386, 15:405, 15:406. These statutes declare:
 

 LSA-R.S. 14:5: “An offender who commits an offense which includes all the elements of other lesser offenses, may be prosecuted for and convicted of either the greater offense or one of the lesser and included offenses. In such case, where the offender is prosecuted for the greater offense, he may be convicted of any one of the lesser and included offenses.”
 

 LSA-R.S. 15:386: “Whenever the indictment sets out an offense including other offenses of less magnitude or grade the judge shall charge the jury the law applicable to all offenses of which the accused could be found quilty under the indictment. The only responsive verdicts which may be rendered, and upon which the judge shall charge the jury, where the indictment charges the following offenses are: * * * ” (Then follows the list of responsive verdicts to named specific charges, and from which will be observed the omission of responsive verdicts to the charge of “issuing worthless checks”.)
 

 LSA-R.S. 15:405: “The verdict must be responsive to the indictment, that is to say, no one can be found guilty of an offense not charged in the indictment or not necessarily included in the offense charged; and no verdict can be of any effect if found upon an indictment so defective as to charge no crime.”
 

 LSA-R.S. 15:406: “When the crime charged includes another of lesser grade, a verdict of guilty of the lesser crime is responsive to the indictment, and it is of no moment that the greater offense is a felony and the lesser a misdemeanor.”
 

 Under LSA-R.S. 14:71: “Issuing worthless checks is the issuing in exchange for anything of value, with intent to defraud, of any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank or other depository for the payment of such check, draft, or order in full upon its presentation.
 

 “The offender’s failure to pay such a check, draft, or order, within ten days after the receipt by him of written no
 
 *1100
 
 tice of its nonpayment upon presentation, shall be presumptive evidence of his intent to defraud. * * * ”
 

 LSA-R.S. 14:68 declares: “Unauthorized use of movables is the intentional taking or use of any movable which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an immovable, according to the law pertaining to civil matters, is immaterial. * * *
 
 »
 

 As a result of the provisions of the foregoing statutes, the sole question posed is whether the elements of the crime of issuing worthless checks (the greater offense) necessarily contains all of the elements of the crime of unauthorized use of a movable (the lesser offense).
 

 From a study of the crime of issuing worthless checks, supra, its provisions peremptorily emphasizes its necessary elements to be: (1) with the intent to defraud; (2) what is received in exchange for the check, draft, or order for the payment of money has some value; and (3) with knowledge at the time of issuance that the offender has insufficient credit with the bank or other depository for payment thereof.
 

 On the other hand, the necessary elements of the crime of unauthorized use of movables is: (1) the intentional taking or use of a movable belonging to another; (2) without the owner’s consent, or by means of fraudulent conduct, practices or representations ; and (3) but without any intention to deprive the owner of the movable permanently.
 

 Thus it is readily seen that the elements of the lesser offense are not necessarily contained in the definition of the greater offense. A comparison unquestionably demonstrates that the greater offense does not include all the legal and factual elements of the lesser offense. One of the necessary and essential elements of the crime of issuing worthless checks is that the act be committed “with intent to defraud”, while on the other hand one of the necessary and essential elements of the crime of “unauthorized use of movables” is that the act be committed without any intention to deprive the other (owner) of the movable permanently”.
 

 As was said in State v. Alphonse, 154 La. 950, 98 So. 430, 431. (LSA-R.S. 14:71):
 

 “In prosecutions under this statute, one of the essential ingredients of the crime is
 
 fraudulent intent.
 
 It is sacramental that an
 
 intent to defraud
 
 be al
 
 *1102
 
 leged and proved.”' See State v. McLean, 216 La. 670, 44 So.2d 698.
 

 The word “defraud” is defined by Webster’s New International Dictionary, 2d Ed., Unabridged: “To
 
 deprive
 
 of some right, interest, or property, by deceit; to cheat; as to
 
 defraud
 
 a servant, a creditor, the state; * * * ” (Italics ours). The synonymous word “cheat” is also defined as: “To
 
 deprive
 
 of something valuable by use of deceit ; to practice fraud upon; to defraud; swindle; as, to
 
 cheat
 
 a man out of his savings * * *.”♦ (Italics ours.)
 

 The Encyclopedia Dictionary defines the term as meaning: “To
 
 deprive
 
 of a right, by
 
 zvithholding
 
 from another, * * * that which he has a right to claim or
 
 obtain.”
 
 (Italics ours.)
 

 “To defraud is to cheat, to deprive another of a right, to withhold wrongfully what is due to him, or to prevent him wrongfully from obtaining what he may justly claim. * *. * ” 9 Am. & Eng.Ency. Law (2d Ed.) 180.
 

 There is an unanimity of opinion in all jurisdictions as to the meaning of this term in that in its ordinary and accepted signification it is the deprivation or withholding from another that which justly belongs to or is due him, to deprive of something dishonestly, and to rob. 18 C.J. 468; 26A C.J.S. Defraud p. 148; Berry v. State, 153 Ga 169, 111 S.E. 669, 35 A.L.R. 370.
 

 ■ The history of the statute, supra, denouncing the unauthorized use of movables finds its source in the early statutes making it a crime to use the animal of another, milking the cow of another, using the automobile of another, and other kindred movables. In the Reporter’s Comment we observe that: “This section ' is intended to cover mainly the unauthorized use of automobiles, * * *. However, the unau-' thorized use of any movable, including such objects as vehicles generally, farm imple-' m.ents, livestock, et cetera, is included within the section.”
 

 Thus it is manifest from the definitions of the two statutes, supra, aside from their history and source, that in the issuing of worthless checks the gravamen of the charge is the “intent to defraud” which as defined unmistakably means to dishonestly deprive the owner of any property, right or interest; to withhold, to embezzle or to rob, whether by overt act or deceit. It is an act of unjustly depriving the' owner of what belongs to or is due him. ‘ ■
 

 On the other hand, it is equally clear that in the crime of “unauthorized, use of movables”, one of its essential ingredients is that it is committed
 
 “without any intention to deprive the other (owner) of ' the movable permanently.”
 
 (Italics ours.) The lack of intention to deprive the owner of the movable permanently is
 
 *1104
 
 the decisive factor which distinguishes it from the crime of issuing worthless checks. In the former instance (LSA-R.S. 14:68) the purpose contemplated is a denunciation of a taking or using without the fraudulent intention to deprive the owner of his movable; to withhold that which he does not own; to rob. It is a taking and use for an indefinite but temporary period of time, as contradistinguished from the ingredients of the crime of theft of a movable. State v. Hughes, 155 La. 271, 99 So. 217.
 

 In State v. Jacques, 45 La.Ann. 1451, 14 So. 213, 214, we find a terse statement applicable in cases of this nature. After observing one of the general rules of criminal pleading in regard to duplicity in substantive charges, with its exceptions, this Court said:
 

 “When the charge for the major offense necessarily includes a charge for the minor, a verdict as to either is responsive, provided, always, that all the necessary allegations to charge the minor offense are pleaded in the indictment or information.” See State v. Antoine, 189 La. 619, 180 So. 465.
 

 This view was again stated by this Court in State v. Desselles, 150 La. 494, 90 So. 773, 778, thusly:
 

 “A court or jury having jurisdiction to try the defendant for the crime charged in a bill of indictment or information has jurisdiction to convict him of a less serious crime, of which, if charged alone, the court or jury would not have jurisdiction; provided, of course, all of the elements of the less serious crime are essentially included in the definition of the crime charged.”
 

 See also Marr’s Criminal Jurisprudence, 2d Ed., Vol. II, Sec. 696, page 1078.
 

 In State v. Roberts, 213 La. 559, 35 So. 2d 216, 218, after quoting approvingly from the Jacques, Desselles and Antoine cases, supra, we said: *
 

 “Under the law and the jurisprudence, it is vital to the validity of any verdict for a lesser offense that all the elements of that offense are necessarily contained in the definition of the greater offense.”
 

 Also see State v. Poe, 214 La. 606, 38 So.2d 359.
 

 An excellent discussion of the proper application of our codal rules is set out in a Utah case, State v. Woolman, 84 Utah 23, 33 P.2d 640, 645, 93 A.L.R. 723. In that case it is said:
 

 “ * * * The only way this matter (included offenses) may be determined is by discovering all of the elements required by the respective sections, (of two statutes denouncing crimes there under consideration) comparing them and by a process of inclusion and
 
 *1106
 
 exclusion, determine those common and those not common, and, if the greater offense includes all the legal and factual elements, it may safely be said that the greater includes the lesser; if, however, the lesser offense requires the inclusion of some necessary element or elements in order to cover the completed offense, not so included in the greater offense, then it may be safely said that the lesser is not necessarily included in the greater,
 

 “The statute allows conviction for any lesser offense
 
 necessarily included
 
 in the offense charged in the indictment or information, but does not allow conviction of any lesser offense stated in the indictment unless it is
 
 necessarily included
 
 in the greater offense. The lesser offense must be a necessary element of the greater offense and must of necessity be embraced within the legal definition of the greater offense and be a part thereof.”
 

 Since we conclude that the essential elements of “unauthorized use of movables” (the lesser offense), are not necessarily contained in the crime of “issuing worthless checks” (the greater offense), and that as a consequence the conviction and sentence of the lesser offense is not responsive to the charge of issuing worthless checks, the greater offense, it follows that the learned judge below erred in not sustaining the motion in arrest of judgment. The effect of this error requires a dismissal of the’ prosecution.
 

 For the foregoing reasons, the conviction and sentence appealed from are reversed, the motion in arrest of judgment is maintained, and the proceedings against appellant are dismissed.