DOUCET, Judge.
Don E. Lester, defendant, was charged by bill of information with issuing a worthless check in the amount of $500.00 to Steven J. Wells, a violation of La. R.S. 14:71. The information was later amended to reduce the amount of the check to less than $100.00. Following a bench trial, defendant was found guilty and sentenced to serve six months in the parish jail, 493 So.2d 627. Defendant appeals, citing two assignments of error. We affirm.
On October 12, 1985, Mr. Wells provided sound equipment for a horse show held at defendant’s ranch. Defendant paid for the services by issuing a check in the amount of $500.00 written on the account of Leseo Management, Inc., and signed by the defendant. Mr. Wells received the check on November 11, 1985, and referred it to his bank with instructions to check with defendant’s bank and present the instrument for payment when defendant’s account contained sufficient funds to cover it.
After being unable to cash the check for almost seven weeks, Mr. Wells instructed his bank to go ahead and attempt to put the check through. As expected, the check was dishonored and returned to Mr. Wells. The defendant was notified of the non-payment by a registered letter mailed by Mr. Wells on January 13, 1986. However, he failed to pay the check until the day of trial, March 14, 1986, when he tendered to the District Attorney’s office, a cashier’s check in the amount of $500.00 payable to Mr. Wells.
On appeal, defendant first contends that the verdict of the trial court was in error because the state failed to prove beyond a reasonable doubt an intent to defraud on the part of the defendant. Defendant does not dispute that he issued the check in exchange for something of value, knowing at the time of the issuing that he did not have sufficient credit with the bank for payment of the check in full upon its presentation.
*253 It is also not disputed that the defendant failed to pay Mr. Wells the amount of the check within ten days after receiving notice of non-payment of the check. Such failure to pay is, by statute, presumptive evidence of intent to defraud. La. R.S. 14:71 A(2). In State v. Lindsey, 491 So.2d 371 (La.1986), the Supreme Court examined this statutory presumption and characterized it as “permissive.” The court defined a permissive presumption as “one which allows, but does not require, the finder of fact to infer the fact which is an element of the crime from the basic fact that has been proven.” The court further stated that “a permissive presumption will generally be upheld unless there is no rational way that the finder of fact could make the connection permitted by the inference.”
Defendant argues that the presumption was rebutted by evidence adduced at trial. He claims that Mr. Wells considered the check as only evidence of a debt which would eventually be paid. This contention is based on Mr. Wells’ prior dealings with defendant. Mr. Wells performed services for the defendant in March and September of 1985 and was paid $3,500.00 and $3,150.00, respectively, by defendant. Payment for those services was by check and, at least with regard to the check for the March services, Mr. Wells had to hold the check and continuously call defendant’s bank to make sure there were sufficient funds on deposit before cashing it. The record does not indicate how long it took Mr. Wells to cash that check.
We must disagree with defendant’s argument. We find no evidence of any agreement between the parties that Mr. Wells would be paid whenever defendant chose to deposit sufficient funds in his account to cover the check or otherwise pay him the $500.00 when he was financially able. We are unable to believe that defendant could reasonably assume such was the case merely because Mr. Wells had trouble cashing the earlier check issued by defendant, and later accepted another check from him as payment for subsequent services rendered. Therefore, we cannot say there was no rational way the trial judge could have made the connection permitted by the evidence and, thus, he properly relied on the statutory presumption to establish the necessary element of intent to defraud.
The meaning of the term defraud was examined by the Supreme Court in State v. Clayton, 110 So.2d 111 (La.1959). The court stated:
“There is an unanimity of opinion in all jurisdictions as to the meaning of this term in that in its ordinary and accepted signification it is the deprivation or withholding from another that which justly belongs to or is due him, to deprive of something dishonestly, and to rob. 18 C.J. 468; 26A C.J.S. Defraud p. 148; Berry v. State, 153 Ga. 169, 111 S.E. 669, 35 A.L.R. 370.”
When defendant issued the check to Mr. Wells, failed to deposit sufficient funds to cover it, and failed to pay the amount within ten days after receiving notice of nonpayment, he deprived or withheld from Mr. Wells that which was due him. The record shows that the state proved beyond a reasonable doubt that defendant intended to defraud Mr. Wells. We find no merit to defendant’s first contention of error.
Defendant next contends that the “maximum” sentence imposed by the trial court is excessive, based upon impermissible, erroneous information, and failed to give due regard to the mitigating factors of La. C.Cr.P. art. 894.1.
Defendant’s sentence of six months imprisonment was not the maximum sentence the trial court could have imposed as La. R.S. 14:71 E allows, additionally, a fine of not more than five hundred dollars.
In imposing the sentence, the trial judge referred to his reasons for sentencing the defendant the previous week in a different case involving yet another charge of issuing worthless checks. The trial judge stated: “For the same reasons given March 7th, the Court sentences you be confined to the Parish jail for a period of six months.”
La. C.Cr.P. art. 894.1 sets forth guidelines to follow in imposing sentence and *254 requires that the trial court state for the record the considerations taken into account and the factual basis for its conclusions. This is to ensure that each sentence is individualized to the offender and the offense. State v. McDonald, 414 So.2d 785 (La.1982); State v. Bourgeois, 406 So.2d 550 (La.1981). Every aggravating and mitigating circumstance need not be articulated; however, the record must reflect that the trial judge adequately contemplated the statutory guidelines. State v. McDonald, supra; State v. Grey, 408 So.2d 1239 (La.1982).
This court would have preferred that the trial judge have fully stated his reasons for imposing sentence in this case. However, we find that, under the facts and circumstances of this case, the trial court adequately complied with La. C.Cr.P. art. 894.1 when he referred to his reasons for imposing the previous sentence if those reasons satisfied the requirements of the statute. Each case involved a charge of issuing a worthless check. The circumstances surrounding the offenses were similar in many respects. The defendant’s particular situation regarding any possible mitigating factors was also the same in both cases except that the two other charges of issuing worthless checks pending at the time of the previous sentencing were dismissed on the date of sentencing in the instant case.
We now examine the particular reasons previously set forth by the trial judge. His reasons are as follows:
“The Court finds under Article 894.1, which is the sentence guidelines under the Code of Criminal Procedure, the following finding: That there is an undue risk, that during a period of any suspended sentence of probation, that you will commit another crime. The Court finds that you are in need of correctional treatment, and a custodial environment that can be provided most effectively by your commitment to an institution. The Court finds further, that a lesser sentence which could possibly be imposed will deprecate the seriousness of your crime, and makes the following further findings. First of all, that while your conduct did not cause, or threaten to cause, serious physical harm, that your conduct in this particular case has been the culmination of a long period of rather questionable activity, during which you caused serious financial losses to numerous people. The Court finds that your conduct did contemplate serious criminal matters. The Court finds there are absolutely no mitigating or extenuating circumstances to justify your activities.”
The trial judge specifically listed his reasons for imposing a sentence of imprisonment. He considered and dismissed several possible mitigating grounds, and stated that he found no mitigating circumstances at all. At that point, we feel the trial judge adequately complied with the requirements of La. C.Cr.P. art. 894.1 and, in the instant case, he complied with those requirements by reference. However, at the previous sentencing, the trial judge further recited a list of questionable activities allegedly engaged in by defendant. The record does not show where the trial court obtained this information as there does not appear to have been a formal pre-sentence investigation. The trial judge concluded by stating, “For these reasons, Mr. Lester, the sentence of the Court you be [sic] confined to the Natchitoches Parish Jail to serve a sentence of Six (6) months.”
■ Although the trial judge may have erred in considering the information from unnamed sources in imposing the previous, and, we assume, the present sentence, we deem it harmless error. We consider these additional reasons as superfluous and find it unnecessary to remand this case for re-sentencing when the record clearly supports the sentencing choice. Within the past year prior to trial, defendant was charged on four separate occasions with issuing worthless checks to different persons or business entities. All were felony counts which were later reduced to misdemeanors. The reduction in the instant case was from a charge of issuing a worthless check in an amount of $500.00, carrying a penalty of imprisonment up to ten years, to *255 a charge of issuing a worthless check for under $100.00. Yet, the defendant paid $500.00 to the district attorney on the day of trial as payment of the check in question.
Addressing defendant’s claim that the sentence imposed is excessive, we cite the familiar rule that a trial judge has much discretion in the imposition of sentences and his sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982); State v. Abercrumbia, 412 So.2d 1027 (La.1982). For the reasons stated above, we find no abuse of discretion in the trial judge’s imposition of a six month sentence upon the defendant.
For the reasons assigned, the conviction and sentence of the defendant are affirmed.
AFFIRMED.