BRUNOT, J.
Appellant was charged, tried, convicted, and sentenced for the crime of larceny of an automobile, and from the verdict and sentence he has appealed.
During the trial two bills of exception were reserved.
Bill No. 1 was reserved to the overruling of *274 an objection by counsel for the accused to the admission of evidence of an alleged confession made" by the defendant.
A Mr. Varnado, who had known the defendant all his life, visited the jail, at the request of the sheriff, in the hope of obtaining information from the defendant that would lead to the recovery of the stolen car. This witness says:
“I just went in there, and talked to Bert just a little bit, and explained to him that Mr. Bailey was a poor man; that was all he had to make a living with, and I would like to help him find it; and if he knew where the car was, anything he could do to help us locate the car, I would be glad to know; and if there was anything I could do to help him I would do it. He told me, then, where I could find the car; gave me a little written bit on an old envelope; just a little diagram. We made the trip to Genesee, and later we found the car; went back and found it. The first time we went wrong, and then we went back and found it; went straight to'it.”
The witness says the statement was voluntarily made; that no inducements were offered to the accused, and he was not coerced or threatened in any way. On cross-examination this witness said that lie personally was not after the accused, but Mr. Bailey was a poor man, and needed the car to make a living with, and all he wanted to do was to help Mr. Bailey recover his car.
The defendant took the witness stand in his own behalf, and he gave the following testimony:
“Q. Bert, did you talk to Mr. Varnado about this?
“A.. About two or three words in all we spoke.
“Q. What threats or promises did he make to you when he came to the jail?
“A. None.-
“Q. Did you see Mr. Varnado the night the car was taken?
“A. I was at his house.
“Q. Was he in Kentwood?
“A. Yes, sir.”
The defendant denied that Mr. Varnado' threatened him in any way or made him any promises.
Under these circumstances, the testimony was admissible, and the court ruled correctly.
 The defendant denied that he made a confession, or that he gave the witness Varnado any information concerning the car, but whether or not the confession was made was a question of fact for the jury to determine. It was the duty of the court to ascertain if the alleged confession was freely and voluntarily made, and, if so, to admit, the testimony and leave the determination of all other facts in relation thereto to the jury. State v. Bessa, 115 La. 259, 38 South. 985; State v. Baudoin, 115 La. 773, 40 South. 42; State v. Besancon, 128 La. 85, 54 South. 480; State v. Howard, 127 La. 435, 53 South. 677; State v. Canton, 131 La. 255, 59 South. 202; State v. Edwards, 106 La. 674, 31 South. 308.
Bill No. 2 was reserved to the refusal of the court to specially charge the jury the provisions of Act No. 91 of 1920.
The defendant was charged with larceny, a separate and distinct offense, and not of the same generic class of offenses as the offense of using an automobile without the consent of the owner. A verdict for the offense denounced by Act No. 91 of 1920 would not be responsive to a charge of larceny, and the court properly declined to give the special charge. Moreover, this bill does not appear to be insisted upon, and it has not been referred to in the brief filed by defendant’s counsel. We may therefore assume that it was abandoned.
For these reasons, we are of the opinion that the verdict and sentence are correct, and both are affirmed.