FORET, Judge.
Defendant, Julius Howard, was charged with simple burglary, a violation of LSA-R.S. 14:62, on January 4, 1985, by bill of information. Earlier, the defendant had been billed with another charge of simple burglary. On March 4, 1985, defendant entered a plea bargain whereby the State agreed to withdraw the motion to dismiss the second charge, the guilty plea to the first charge would be withdrawn, and a guilty plea to the reinstated second charge would be entered. Accordingly, after pleading guilty to the reinstated second charge, the defendant was sentenced to nine years with the Department of Corrections on April 12, 1985 [1].
FACTS
The Fiesta Club Lounge in Natchez, Louisiana, was burglarized on September 15, 1984. Large quantities of liquor were taken from the premises. Pursuant to the investigation of the robbery, information was received by the Natchitoches Parish Sheriffs Department that the defendant had been selling liquor in the area. Upon questioning, the defendant admitted having committed the burglary.
ASSIGNMENT OF ERROR NO. 1
In this first assignment of error, the defendant contends that his guilty plea was accepted by the court erroneously, without first properly determining that defendant had full understanding of what the plea connoted and its consequences.
Specifically, the defendant argues that although he signed an Affidavit of Understanding of Maximum Penalty and Constitutional Rights, which was filed in connection with charge number 85,979 on March 4, 1985, no such affidavit was filed on March 8, 1985, when the guilty plea was changed to charge number 90,884. The defendant’s argument presupposes. that a new guilty plea was entered on March 8, 1985. However, the record reflects that the docket numbers were merely changed from number 85,979 to 90,884. The same guilty plea entered on March 4, 1985 was maintained[2].
On March 4, when the guilty plea was entered, the following colloquy took place with respect to the voluntariness of the defendant’s plea.
“THE COURT: How old are you, please?
MR. HOWARD: Twenty-three (23).
THE COURT: And how far did you go in school?
MR. HOWARD: Twelve.
THE COURT: Mr. Brunson was appointed to represent you?
MR. HOWARD: Yes, sir.
THE COURT: Are you satisfied with the services rendered to you by Mr. Brunson?
MR. HOWARD: Yes, sir.
THE COURT: Has he at all times communicated with you and counseled you in regards to these charges?
*466 MR. HOWARD: Yes, sir.
THE COURT: Did he tell you that we had a pre-trial conference last Wednesday and had discussed your case and that your plea this morning was a result of the pre-trial conference?
MR. HOWARD: Yes, sir.
THE COURT: And do you understand that the maximum sentence that I can impose upon you for the simple burglary is a fine of not more than two thousand dollars and imprisonment with or without hard labor for not more than twelve years?
MR. HOWARD: Yes, sir.
THE COURT: And that you are pleading guilty to one charge and the State is dismissing the second similar charge?
MR. HOWARD: Yes.
THE COURT: Alright, this is your signature on this? Did I ask you that?
MR. HOWARD: Yes, sir. Yes.
THE COURT: Do you have any questions?
MR. HOWARD: No, sir.
THE COURT: And you wish to enter a plea of guilty at this time?
MR. HOWARD: Yes, sir.
THE COURT: The Court finds you are knowingly and willingly and intelligently pleading guilty and I accept your plea of guilty ...”
A trial judge has a duty to determine that a defendant is expressly and knowingly waiving his constitutional rights in entering his guilty plea. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Halsell, 403 So.2d 688 (La.1981); State v. Godejohn, 425 So.2d 750 (La.1983); State v. Dunn, 390 So.2d 525 (La.1980); State v. Arrington, 455 So.2d 1284 (La.App. 4 Cir.1984); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
“The trial court did not advise the defendant of his right to a jury trial, his right to confront his accusers, and of his privilege against self-incrimination or make any inquiry as to his understanding of these rights and that by pleading guilty he was waiving them. The plea of the defendant and the proceedings, therefore, do not disclose that the defendant waived these constitutional rights. Accordingly, the due process requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) require that the guilty plea be vacated, the conviction and sentence reversed, and that the defendant be permitted to plead anew. State v. Williams, 384 So.2d 779 (La.1980). See also, State ex rel. Jackson v. Kenderson, [sic] 260 La. 90, 255 So.2d 85 (1971).”
State v. Godejohn, supra, at page 751.
In the case at hand, the trial judge merely inquired of defendant whether or not defendant signed “something”. The central issue is whether the signing and filing of an affidavit such as the one signed by defendant, and the mere determination by the judge that the defendant signed the affidavit, and that he has no questions, is sufficient to satisfy the trial judge’s duty to ascertain the voluntariness of the defendant’s plea.
A trial judge cannot rely upon a defendant’s statement that his rights were explained to him outside of court. State v. Halsell, supra; State v. Williams, 400 So.2d 868 (La.1981); State v. Lafleur, 391 So.2d 445 (La.1980); State v. Williams, 384 So.2d 779 (La.1980); State v. Martin, 382 So.2d 933 (La.1980), overruled by State v. Williams, 392 So.2d 448 (La.1980) on other grounds. The trial judge in this case had before him the written assertion of defendant that he had been advised of his constitutional rights and that he was knowingly and voluntarily relinquishing these rights by pleading guilty to the charges against him. However, the court did not have a written assertion of defendant’s counsel that he had informed defendant of his rights and that counsel was entirely satisfied that the plea was made knowingly and voluntarily. Consequently, this case is distinguishable from the cases previously cited, for example, State v. Halsell, supra. Consequently, after carefully reviewing the *467 record, we find an absence of anything except defendant’s own statement, by affidavit, that he was advised of and understood his constitutional rights. For this reason, and particularly in light of the more recent case of Godejohn, the trial judge failed to determine that the defendant expressly and knowingly waived his constitutional rights in entering his guilty plea. We are compelled to require that the conviction and sentence be reversed, the guilty plea vacated, and the defendant be permitted to plead anew.
ASSIGNMENTS OF ERRORS NO. 2, 3, and 4
By these three assignments, the defendant contends that his guilty plea was not valid because he was led to believe his sentence would be no more than three years as opposed to nine years.
There is absolutely nothing in the record to support defendant’s contention. In fact, it is abundantly clear from the record that the trial judge informed the defendant prior to accepting his plea that the maximum sentence could be twelve years and a fine of $2,000[3]. This maximum penalty is also stated in the defendant’s signed waiver of rights affidavit. Thus, these assignments are without merit.
GUILTY PLEA VACATED, CONVICTION AND SENTENCE REVERSED, CASE REMANDED FOR PROCEEDINGS IN CONFORMITY WITH THE OPINION EXPRESSED HEREIN.
DOMENGEAUX, J., dissents and assigns reasons.

. Credit time is to be given for the time served in the parish jail. The first charge would be dismissed in exchange for a guilty plea to the second charge.

. The following discussion took place at the hearing of March 8, 1985:
"THE COURT: Then all we are doing basically is having the docket numbers changed to reflect the correct one.
MR. WILLIAMS: Yes sir.
MR. BRUNSON: That’s correct.
THE COURT: In the proceedings held previously, let the docket number be amended to show that instead of docket number 85,979, that all the proceedings should have and are now conducted under docket number 90,884. Is there any need for us to go any further than that?
MR. WILLIAMS: I don’t think so Your Hon- or.
THE COURT: Mr. Howard, you understand you are getting the same sentence it’s just correcting a docket number.
MR. HOWARD: Yes, sir.
THE COURT: Alright, I further advise you of your right to appeal any and all of the proceedings.
MR. BRUNSON: Thank you, Your Honor.”

. Specifically, the sentencing transcript reveals the following:
“THE COURT: And do you understand that the maximum sentence that I can impose upon you for the simple burglary is a fine of not more than two thousand dollars and imprisonment with or without hard labor for not more than twelve years.
MR. HOWARD: Yes, sir.”