505 So.2d 228 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Julius HOWARD, Defendant-Appellant.
No. CR86-749.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
*229 Andrew S. Vallien, Natchitoches, for defendant-appellant.
Mike Henry, Dist. Atty., Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
STOKER, Judge.
Julius Howard appeals his conviction of simple burglary.
Howard was arrested on September 24, 1984 and was charged with two counts of simple burglary (LSA-R.S. 14:62) of the Fiesta Club Lounge in Natchez, Louisiana on September 15, 1984. After some confusion in the two docket numbers was resolved, Howard pled guilty to one charge (docket number 90,884), and the State dismissed the other (docket number 85,979). Howard was sentenced to nine years at hard labor, with credit for time served.
Howard appealed, claiming that the trial judge did not adequately determine that Howard fully understood the implications of his guilty plea. This court agreed, vacated the guilty plea, reversed the conviction and sentence, and remanded the case. 487 So.2d 464 (La.App. 3d Cir.1986).
Howard was rearraigned, and he pled not guilty. His attorney filed a motion to suppress a written statement made by Howard on October 3, 1984 in the presence of Natchitoches Parish Sheriff's deputies, in which he confessed to the burglary of the Fiesta Club. He alleged that the statement was signed under the influence of fear, duress, intimidation, menaces, threats, inducements and promises. The motion was denied. The defendant was tried to a jury, found guilty, and sentenced to 8 years, 11 months and 3 weeks.
Howard appeals, contending that the trial court erred in denying the motion to suppress his confession, and that the evidence does not support his conviction.
Before what purports to be a confession can be introduced into evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-R.S. 15:451. The question of admissibility of a confession is a question for the trial judge. State v. Ross, 343 So.2d 722 (La.1977); State v. Hollingsworth, 337 So.2d 461 (La.1976). The judge's function is confined to the ascertainment of whether the confession was free and voluntary. State v. Bessa, 115 La. 259, 38 So. 985 (1905). When a confession is voluntarily made, the judge has no right to exclude it, even when shown on its face to be false. State v. Cook, 39 So.2d 898 (La.1949). The weight to be given a confession, including a determination of whether a confession was in fact made, is a matter for the jury. State v. Ross, supra; State v. Hollingsworth, supra; State v. Hughes, 155 La. 271, 99 So. 217 (1924). The conclusions of the trial judge on the credibility and weight of the testimony relating to the voluntariness of a confession will not be overturned on appeal unless they are not supported by the evidence. State v. Ross, supra; State v. Hollingsworth, supra.
In support of its assertion that the typed confession, signed by the defendant, was freely and voluntarily made, the State called as witnesses the two deputies who claimed to have been present when the confession was made. The defendant asserted that the already-typed statement was presented to him during an interrogation, and that he was harassed until he agreed to sign it. He claimed that the deputies somehow postponed the setting of *230 a bond for his release, and threatened to detain him while his girl friend gave birth to his child. It appears that Howard was taken before the judge at least once, and the reason for the judge's failure to set bond is unclear. One of the deputies stated that he did not know of the imminent birth of Howard's child. The other knew, but denied that he had used the knowledge to extract a confession. Both of them testified that the statement was typed as Howard related it to them, that it was read back to him, and that it was signed without duress. While the reputation of one of the deputies for truthfulness was called into question, the judge found that the testimony was trustworthy and reliable.
The question of admissibility boiled down to an assessment of the credibility of the witnesses. We find no need to secondguess the trial judge's conclusions. The record contains sufficient evidence to support his decision. Therefore, we affirm his denial of the motion to suppress.
Howard further argues that the evidence was insufficient to form the basis of a conviction. There were no witnesses to the crime, and no physical evidence was found connecting Howard to the burglary.
A conviction will stand if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Trosclair, 443 So.2d 1098 (La.1983). Once the corpus delicti has been independently established, a confession alone may be used to identify the accused as the perpetrator of a crime. State v. Celestine, 452 So.2d 676 (La.1984).
In the instant case, the owner of the Fiesta Club testified that his club had been burglarized, and that several bottles of liquor, cigarettes, and money from pool tables had been taken. Howard's confession identified him as the perpetrator. As we stated above, the weight to be given the confession, in light of Howard's claims of duress, was a matter for the jury. The record contains sufficient basis for a rational trier of fact to have found Howard guilty as charged.
In conclusion, the denial of the motion to suppress and the conviction of the defendant are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.