34 So.2d 921

STATE v. LOGAN.
No. 38604.

Feb. 16, 1948.
Rehearing Denied March 22, 1948.

Wellborn Jack and Ashley J. Gold, both of Shreveport, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., A. M. Wallace,

Dist. Atty., of Benton, and R. H. Drew, Asst. Dist. Atty., of Minden, for plaintiff and appellee.

FOURNET, Justice.

The defendant, Clinton Houston Logan, is appealing from his conviction and sentence on a charge of simple kidnapping under subsection (1) of Article 45 of the Louisiana Criminal Code.

It appears that sometime between 4:30 and 5:00 p. m. on the afternoon of October 15, 1946, Mrs. Irene Wood, the prosecuting witness, was walking down the road near the Premier Oil Refinery at Cotton Valley, Louisiana, when the accused stopped the truck he was driving and offered to give her a "lift" to her destination. Thinking she knew him, she accepted his offer and entered the truck. However, when she called his attention to the fact that he had passed the place where she had designated she wanted to get out, he stated he had forgotten and would let her out at the next street. Instead, he speeded up and passed the place, causing her to become frightened and insist that he let her out of the truck. When they had also passed the road leading into Cotton Valley he speeded up still more and reached toward her as though to put his arm back of her shoulders. By this time they were in front of a service station and she called to some men standing there for help. Fearing help would not arrive in time, however, she either jumped or fell from the moving truck in her effort to escape, the accused taking hold of her coat as she was about to leave the truck. She was seriously injured.

When the details of the manner in which the offense was alleged to have been committed were set out by the state in a bill of particulars in response to the motion of the accused, he filed a motion to quash the indictment contending that as amplified by the bill of particulars it "did not allege any intentional and forcible seizing of Mrs. Irene Wood, and on the other hand showed that she voluntarily entered said car and for said reasons the indictment as amended [amplified] by the bill of particulars did not charge the crime of simple kidnapping or any other crime under the Louisiana Law." (Brackets ours.)

This motion was overruled by the trial judge and a bill of exceptions was reserved. After all of the evidence was introduced on the trial of the case, the motion to quash was renewed by the defendant without avail, and this same issue was again raised by way of a motion for a new trial.

The trial judge, in his per curiam to the bill of exceptions reserved when he refused to grant this new trial, points out that it is true "the evidence does not disclose that accused laid hold of the witness except when she tried to, and did jump out of the truck," but he concluded, as stated in his per curiam to the bill reserved when he refused to quash the indictment that "though the original control of the prose-

cuting witness was secured by her voluntary entry into the truck," *his refusal "to stop the truck and allow her to get out" constituted a forcible seizure.* (Italics ours.)

The offense of simple kidnapping that is denounced in our law is to be found in the Louisiana Criminal Code (Act No. 43 of 1942) in Chapter 4, dealing with Kidnapping and False Imprisonment. In this chapter there are only three sub-divisions—Aggravated Kidnapping, Simple Kidnapping, and False Imprisonment—and we think that in order to get a clear picture of *the intention of the legislature when it defined Simple Kidnapping to be "(1) The intentional and forcible seizing and carrying of any person from one place to another without his consent; or (2) The intentional taking, enticing or decoying away, for an unlawful purpose, of any child not his own and under the age of fourteen years without the consent of its parent or the person charged with its custody; or (3) The intentional taking, enticing or decoying away, without the consent of the proper authority, of any person who has been lawfully committed to any orphan, insane, feeble-minded or other similar institution",* Article 45, *it should be read in* connection with the preceding article, providing that "Aggravated kidnapping is the doing of any of the following acts with the intent thereby to force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant

any advantage or immunity, in order to secure a release of the person under the offender's actual or apparent control: (1) The forcible seizing and carrying of any person from one place to another; or (2) The enticing or persuading of any person to go from one place to another; or (3) The imprisoning or forcible secreting of any person," Article 44, and with the subsequent article, wherein it is provided that "False imprisonment is the intentional confinement or detention of another, without his consent and without proper legal authority." Article 46.

It is to be noted in the general comment under Article 46 (which we are admonished to consider in connection with our interpretation of these articles of the code, State v. Davis, 208 La. 954, 23 So. 2d 801) that *"This article is intended to cover cases of false imprisonment, which are not included in the aggravated or simple kidnapping articles."* (Italics ours.)

Clearly under the facts of this case the prosecutrix was intentionally and forcibly seized and carried from one place to another within the meaning and contemplation of the statute under which the defendant is charged. We think, as did the trial judge, that the fact that the defendant did not lay hands on her until she endeavored to get out of the truck does not mean that force was not used in keeping her in the truck for by keeping her in the truck against her will while that vehicle was traveling at a rapid rate of speed consti-

457

tuted a forcible seizure just the same as if the accused had held her therein at the point of a gun without laying hands on her, and certainly no one would doubt that holding a person at the point of a gun does not constitute forcible seizure and detention. Consequently, when the defendant transported the prosecutrix under these conditions from the place where she wanted to get out of the truck, passed the road leading into Cotton Valley, to the point where she jumped or fell from the moving truck, all against her will, the added element of transportation makes this crime one of Simple Kidnapping instead of False Imprisonment, which latter crime counsel for the defendant so strongly argues is the only crime the defendant could be guilty of under the facts of this case. This conclusion is not only sound and in keeping with the intention of the legislature in adopting this code, but it is clearly within the purview of the definition they have given us of the crime of simple kidnapping.

In reaching this conclusion we have done so after carefully reading and analyzing all of the authorities from other jurisdictions cited in brief of counsel for the defendant, none of which are controlling or pertinent here. The statutes under which they were decided are entirely different from the one under which Logan was charged under our law.

For the reasons assigned the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., absent.