On .Rehearing.
 

 O’NIELL, Chief Justice
 

 (dissenting).
 

 A rehearing was granted in this case for the purpose of considering, mainly if not solely, the question whether the decision which we had rendered was contrary to the decision rendered in State v. Roberts, 213 La. 559, 35 So.2d 216, and the decision rendered in State v. Logan, 213 La. 451, 34 So.2d 921 — or whether the decision rendered in this case was contrary to either of the decisions cited. After a reconsideration of the matter I find that the decision rendered in this case is not in conflict with either of the decisions cited.
 

 In State v. Roberts, supra, the defendant was indicted for attempting to murder the party named in the indictment by shooting him with a pistol. The defendant was found guilty of aggravated battery and on appeal contended that the verdict was not responsive to the charge of attempting to commit murder. We sustained the contention and set aside the verdict and sentence. The distinction between the Roberts Case and the present case is that in the Roberts
 
 *641
 
 Case the allegation in the indictment, as to how the attempt to commit murder was made, was not an essential allegation in an indictment for murder, or for the crime of attempting to commit murder, as defined in the law oh the subject; whereas, in the present case, the allegation that the defendant “did wilfully and feloniously
 
 attempt
 
 to intentionally and forcibly
 
 seize
 
 and carry the person of * * * from one place to another without her consent,” was an essential allegation in charging the crime of attempted simple kidnapping, as defined in the first paragraph of section 45 of the Criminal Code, viz.:
 

 “Simple kidnapping is:
 

 “(1) The intentional and forcible
 
 seizing
 
 and carrying of any person from one place to another without his consent.” (Italics supplied)
 

 In State v. Logan, supra, the defendant was driving a motor truck, in which he had invited a woman to ride with him to a point at which she told him she intended to get out, but when the defendant reached that point and the woman asked to be allowed to get out, he increased his speed so as to prevent her getting out. The court held that the speeding up of the truck when the woman asked to be allowed to get out was what constituted the crime of simple kidnapping. In that case there was no further forcible seizing of the defendant at the time when she got into the truck, or at any time previous to her arriving at her intended destination and asking the defendant to let her get out of the truck. In the present case, according to the plain and simple meaning of the words used in the statute and in the bill of information, the allegation that the defendant did wilfully and feloniously
 
 attempt
 
 to intentionally and forcibly
 
 seize
 
 and carry the woman from one place to another without her consent means that he committed an assault upon her, within the meaning of Article 36 of the Criminal Code.
 

 In the prevailing opinion rendered on rehearing in the present case an example or illustration is given of a case in which it is said that the defendant might be guilty of attempted simple kidnapping without being guilty of committing an assault; but the example or illustration itself reveals that the defendant in such a case would not be guilty of attempted simple kidnapping, and hence, of course, could not be found guilty of committing an assault. The example is given in the prevailing opinion thus:
 

 “A. B. intends to kidnap C. D. He entices her into his automobile by telling her that he will drive her to her home, his real intention being to seize and carry her away. Yet, before she is made aware of his ulterior motive, the automobile breaks down or he is arrested for violating a traffic law or something else happens which deters him from the accomplishment of his obj ect.
 

 “Under such a state of facts, there could be no doubt that A. B. would be
 
 *643
 
 amenable to the charge of attempt, as defined by Article 27 of the Criminal Code —for, there are present the two elements necessary to constitute an attempt — (1) specific intent to commit simple kidnapping and (2) an overt act, i.e., the carrying of the girl in the automobile — an act which ‘tends directly towards the commission of the crime intended, and which will apparently result in its commission unless frustrated by extraneous circumstances.’ ”
 

 I respectfully submit that in the illustration given in the prevailing opinion the word “attempt” is confused with the word “intend,” or “intent.” In the illustration there is a “specific intent to commit a crime,” as required by Article 27 of the Criminal Code, but there is no overt act which “ ‘tends directly towards the commission of the crime intended, and which will apparently result in its commission unless frustrated by extraneous circumstances’ ”; hence there is no>
 
 attempt
 
 to commit the crime.
 

 According to Article 27 of the Criminal Code, defining “attempt,” one of the essential elements of the crime is the doing of some act tending directly towards the accomplishment of the object intended, or the omission to do some act, the omission of which tends directly towards the accomplishment of the object. The article declares expressly that mere preparation to commit a crime shall not be sufficient to constitute an
 
 attempt.
 

 My opinion therefore is that the judgment heretofore rendered in this case should be reinstated and made the final judgment of the court.