BARTHOLOMEW-WOODS, J.,
CONCURRING IN PART, DISSENTING IN PART WITH REASONS
hi agree with the majority’s reversal of the ruling that the State did not prove Defendant was a second-felony habitual offender. I further agree with the vacature of the sentences and remand for resen-tencing. However, as to the majority’s opinion affirming Defendant’s convictions for simple kidnapping, I respectfully dissent. In my view, the determination of whether simple kidnapping is a lesser included offense of second degree kidnapping necessarily requires an analysis of the facts on a case by case basis.
As noted by the original panel in State v. Price, 15-0364 (La.App. 4 Cir. 7/6/16), 216 So.3d 1019, there are a number of ways “fifteen to be exact” by which a defendant can be found guilty of second degree kidnapping. The panel correctly noted that a defendant can be found guilty if he or she commits one of each act from subsections (A) and (B) of La. R.S. 14:44.1.
Here, the relevant evidence at trial showed as follows:
Donald Johnson, Andrea Price, and Jub-bard Price entered Mr. Leslie’s residence and began corralling everyone into the garage by giving |athem the false impression that they were all going to smoke marijuana. The Defendant stayed in the garage and held everyone at gunpoint while Andrea Price and Donald Johnson roamed around the residence, presumably looking for a safe. Donald Johnson went into the master bedroom and shot Mr. Leslie and Ms. Davis in their bed, killing Mr. Leslie and injuring Ms. Davis.
Id. at 1022, at pp. 2-3. The evidence also showed that Donald Johnson, not Defendant, forced two of the victims into the garage where Defendant held them at gunpoint. That evidence could have lead the jury to conclude that Defendant was indeed guilty of second degree kidnapping because the victims were imprisoned in the garage while Defendant was armed with a dangerous weapon or what the victims reasonably believed to be a dangerous weapon. La. R.S. 14:44.1(A)(5) and (B)(3). Instead, the jury came back with verdicts of guilty of simple kidnapping. Like second degree kidnapping, there are several ways one can commit simple kidnapping. Given the facts of this case, only subsection (A)(1) would apply, which provides that simple kidnapping is “[t]he intentional and forcible seizing and carrying of any person from one place to another without his consent.”[1]
Since simple kidnapping is not a legislatively-provided responsive verdict under La. C.Cr.P. Art. 814, this Court must look to La. C.Cr.P. Art. 815 to determine whether simple kidnapping is indeed a responsive verdict to second degree kidnapping. As noted by the majority, with reference to State v. Graham, 14-1801, p. 5 (La. 10/14/15), 180 So.3d 271, 275, lesser included offenses are “those in which all of the *1042 essential elements of the lesser offense are also essential elements of the greater offense charged.”
Longstanding precedent has also held that “if any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser cannot be responsive.” State v. Poe, 214 La. 606, 620, 38 So.2d 359, 363 (1948). Thus, the original panel in Price |sconcluded that simple kidnapping was not responsive to second degree kidnapping because “a reasonable state of facts can be imagined where the greater offense of second degree kidnapping is committed without perpetration of the lesser offense of simple kidnapping.” Price, 15-0364, p. 5, 216 So.3d 1019.
While I agree with the result of the original Price ruling, I do not agree that simple kidnapping is never a responsive verdict to second degree kidnapping. In some cases—those in which the victims are indeed seized and carried—a jury can return a verdict of guilty of simple kidnapping if the State fails to prove one of the additional elements of second degree kidnapping set forth in subsections (A)(1) through (A)(5).[2] This necessarily requires analyzing the specific facts of each case.
The majority’s opinion suggests that this Court’s ruling in State v. Vargas-Alcerre-ca, 12-1070 (La.App. 4 Cir. 10/2/13), 126 So.3d 569, conflicts. However, a review of the facts of Vargas'Alcerreca shows that simple kidnapping was responsive as that case involved seizure and carrying:
M.V. testified that she followed Mr. Vargas-Alcerreca because he said he was taking her to find her friend, until the point at which she began to feel she was in danger and started running the other way. She testified that Mr. Vargas-Alcerreca ran after her and caught up with her. She then found herself on the ground with Mr. Vargas-Alcerreca on top of her punching her in the face. Eric Gordon testified that he saw a woman, later identified as M.V., run out from behind a building calling for help, but then observed a male grab her and pull her back behind the building. He testified that as he approached the intersection where the building was, he could not see either the woman or her assailant, and he did not know how far down the street they were—in other words, he did not know how far of a distance the assailant had “carried” the victim. Under the simple kidnapping statute, “the distance traversed is immaterial.” State v. Bertrand, 247 La. 232, 170 So.2d 386, 388 (1964).
Any rational trier of fact, viewing all the evidence in a light most favorable to the prosecution, could have found that Mr. Vargas-Alcerreca forcibly seized and carried the victim a distance, however short, and thus have found all the essential elements of the \ ¿pífense of simple kidnapping present beyond a reasonable doubt. There is no merit to this assignment of error.
Id. at 582 (emphasis added). The majority also cites to State v. Porter, 93-1106 (La. 7/5/94), 639 So.2d 1137. A review of the facts by the Third Circuit Court of Appeal also reveals that the facts of that case involved seizure and carrying:
The victim, testifying at trial, conceded that she voluntarily entered the car with the defendants for the purpose of going to the store to buy beer. However, she eventually became uncomforta *1043 ble and asked them to bring her back to the festival and they refused.
The Louisiana Supreme Court in State v. Logan, 213 La. 451, 34 So.2d 921 (La.1948), was faced with a similar situation and found that a kidnapping occurred when the victim was forcibly detained in a truck even though she voluntarily entered the vehicle initially. In the present case, both defendants forcibly kept the victim from exiting the car. The victim testified she tried to exit the car at one point but was pulled back into the car with her left foot caught between the frame and the door. At another time, the victim tried to run away on foot but was chased down and returned to the car.
State v. Porter, 615 So.2d 507, 514 (La. App. 3 Cir. 1993), writ granted, 629 So.2d 372 (La. 1993), and ajfd in part, rev’d in part, 93-1106 (La. 7/5/94), 639 So.2d 1137 (emphasis added). In affirming on appeal, the Louisiana Supreme Court noted that “[although she resisted and even tried to run away at one point, she was overtaken and forcibly restrained.” Porter, 639 So.2d at 1139, 1144 (emphasis added).
Another case cited by the majority, involved seizure and carrying:
While S.A. was walking to the bus stop, defendant, who S.A. knew from her aunt’s neighborhood, drove up beside her in a black Nissan Sentra. He said hello to her then exited his vehicle. Defendant offered to take S.A. to school, but she refused. Defendant then insisted on taking S.A. to school and pulled S.A. forcefully by her arm toward the car. S.A. entered the car, as did the defendant.
Defendant pulled away from the bus stop and proceeded in a direction away from S.A.’s school. When S.A. told defendant they were going in the wrong direction and asked to go back to her bus stop, the defendant told S.A. they were going to his apartment so that he could get some money. Defendant drove to the Mary Poppins Subdivision, parked in the back of the complex two doors from his apartment, exited the car and went into his apartment. When he returned to the car, he opened the passenger door, grabbed S.A. by the \ garm, and pulled her toward the apartment. At that point, S.A. tried unsuccessfully to escape.
State v. Tapps, 02-0547, p. 3 (La.App. 5 Cir. 10/29/02), 832 So.2d 995, 998, writ denied, 02-2921 (La. 4/21/03), 841 So.2d 789 (emphasis added).
Looking to the facts of each case cited by the majority indicates, unlike in this case, that simple kidnapping was an appropriate responsive verdict in each. Though the State failed to prove the additional element required to secure a second degree kidnapping conviction, the juries could nonetheless return a verdict of simple kidnapping because the facts proved established the essential elements of simple kidnapping. The facts of the case before us present no evidence that Defendant seized and carried any of the victims.
Instead of looking to the facts of the cases relied upon, the majority equates this case to those involving legislatively-provided responsive verdicts in La. C.Cr.P. Art. 814. Indeed, jurisprudence of this state holds that when a defendant fails to object to a legislatively-provided responsive verdict, he or she cannot then turn around on appeal and challenge the conviction on a claim of insufficient evidence when the evidence could have supported the higher charged offense. See State ex rel. Elaire v. Blackburn, 424 So.2d 246, 252 (La. 1982). However, this is not a case governed by La. C.Cr.P. Art. 814, and the majority cites to no case specifically holding that such reasoning extends to cases governed by La. C.Cr.P. Art. 815. In Elaire; the Louisiana Supreme Court dis *1044 tinguished “between those responsive verdicts which are lesser and included grades of the charged offense and those responsive verdicts which are not lesser and included offenses but are nevertheless included in La.C.Cr.P. Art. 814.” Elaire, 424 So,2d at 248-49. In my view, there should be a distinction made between verdicts specifically authorized by the legislature (though not necessarily truly lesser included offenses) and those requiring an analysis under La. C.Cr.P. Art. 815. In the La. C.Cr.P. Art. 814 context, [¿while jurisprudence holds that a defendant cannot benefit from a compromise verdict and challenge sufficiency on appeal without having objected, I am not of the opinion that such reasoning should extend to the La. C.Cr.P. Art. 815 context, where the legislature has not specifically authorized the verdict and where the evidence does not establish each element of the lesser crime. Thus, I believe the original panel correctly recognized the verdict as non-responsive and subject to error patent review without need for a contemporaneous objection at trial.
For the foregoing reasons, I am also not convinced by the State’s argument that the result reached in Price “presents a troubling logical dissonance.” Simple kidnapping can be, in some circumstances, responsive to second degree kidnapping—it is simply not responsive here given the facts of the case. That simple kidnapping is a legislatively-provided responsive verdict to aggravated kidnapping is also not convincing. The legislature may designate responsive verdicts as it sees fit. The legislature either inadvertently drafted second degree kidnapping out of La. C.Cr.P. Amt. 814 or intentionally excluded responsive verdicts for second degree kidnapping. In any event, it is up to the legislature to address the issue if it wishes.

. Subsections (2) through (5) of La. R.S. 14:45 all involve either children or persons “lawfully committed” to an institution.

. The relevant legal definition of carry is "[t]o convey or transport.” Black’s Law Dictionary (lOthed. 2014).