## No. 167.

### THE STATE OF LOUISIANA VS. SOLOMON WILLIAMS.

An indictment which did not comply with the requirements of the statute which creates or defines the offense sought to be charged therein is fatally defective and cannot sustain a conviction.

An indictment charging that the defendant "did feloniously and of his malice aforethought kill and murder," etc.. is not good in law, under Section 1048 of the Revised Statutes which provides that the defendant should be charged with having "feloniously, *willfully* and of his malice aforethought killed and murdered," etc.

Courts are powerless to dispense with legal requirements in criminal pleadings.

APPEAL from the Thirteenth District Court, Parish of St. Landry. Hudspeth, J.

*John N. Ogden*, District Attorney, for the State, Appellee:

The words "feloniously and of his malice aforethought" are sufficient in an indictment for murder, and the indictment is not vitiated by the omission of the word willful. 27 Ann. 572; Archbold's Criminal Proceedings pp. 881 882, bottom of page.

*W. C. Perrault* and *C. W. DuRoy* for Defendant and Appellant:

1. The Statutes of Louisiana denounce the crime of *willful* murder only. R. S., Sec. 784.
2. The word *willful* is the distinguishing characteristic between the statutory offenses of *murder* and *manslaughter*.
3. "In all indictments for murder it shall be sufficient to allege that the deed was done feloniously, willfully and of his malice aforethought." R. S., Sec. 1048.
4. The same section provides that in cases of manslaughter it shall be sufficient to allege that the accused "feloniously did slay and kill the deceased."
5. In the prosecution of crimes denounced by our statutes, the indictment must aver the crime to have been committed in the language of the statutes denouncing the same, and when not done the indictment is fatally defective.
6. Sec. 1048 of R. S. having set forth what is a sufficient allegation to be contained in charges of willful murder, any averment less than therein prescribed is fatally insuffi-cient. 36 An. 99, 29 An. 601-2-3, 20 An. 147.

The opinion of the Court was delivered by

POCHÉ, J. The defendant appeals from a conviction of murder and a sentence of imprisonment for life, and invokes relief under a motion in arrest of judgment.

His complaint is that the indictment under which he was tried does not contain the required averments of the crime of murder, and is therefore fatally defective.

The defect is alleged to consist in the omission of the word "*will-fully*" in the description of the crime of murder.

That portion of the indictment reads: That the accused "did feloniously and of his malice aforethought kill and murder Henry Phillips," etc

Section 1048 of the Revised Statutes, taken from the act of 1855, which prescribes the mode of charging the crime of murder, reads as follows:

" In an indictment for murder or manslaughter it shall not be necessary to set forth the manner in which, or the means by which, the

death was caused; it shall be sufficient in every indictment for murder to charge that the defendant did feloniously, willfully, and of his malice aforethought kill and murder the deceased; and it shall be sufficient in every indictment for manslaughter to charge that the defendant did feloniously kill and slay the deceased."

The object of the statute was to carry out in special cases the general object of the statute of 1805, to eliminate from our criminal pleadings the unnecessary prolixity of the pleadings under the common law. Under the rules of that system, the indictment under consideration would have been glaringly insufficient for many reasons, both in the body and in the conclusion of the instrument. Under the provisions of the act of 1855, those defects are eliminated from discussion, and the question is whether the present indictment is sufficient under the simplified form required by the amending statute.

In our opinion the indictment did not comply with the requirements of the statute, as simple as they are, and it is therefore defective.

The District Attorney contends that the word "willfully" is synonymous with the words "feloniously" and "of his malice aforethought," and that its meaning is necessarily included in the other words.

A serious difference of opinion may exist on that proposition.

But we do not propose to discuss it, nor is its solution necessary to the case in hand. The use of the word is declared to be necessary by the Legislature, and we have no power to strike it out of the statute. In a recent case we had occasion to discuss a similar requirement of Legislative will, and we then said: " This Court cannot accept as sufficient less than what the law prescribes should be sufficient." Green's case 36 An. 99. The Legislative mandate is imperative, and we cannot disregard it. In our opinion, the law-maker, in prescribing the form contained in the statute, did not intend to deal in harmless or useless tautology, but he sought to convey a substantial meaning by every word used in the form prescribed.

Courts cannot safely hold that the Legislative intent is not conveyed by the words used in a statute, unless the words or the language to be construed are glaringly ambiguous or clearly redundant.

The language of the statute under consideration is clear, unambiguous and unequivocal ; the object of the statute was to eliminate useless utterances from a legal proceeding, and the letter of the prescribed form cannot be discarded in order to seek its spirit.

Hence has flowed a wise and safe rule of construction, sanctioned by a strong current of respectable judicial precedents, that in criminal pleadings, when a crime to be charged has been created or defined by a statute, the offense should be described in the words of the statute.

The only exception applies to cases in which the offense is charged in different words, if such words clearly convey the real meaning of the language used in the statute. Waterman's U. S. Criminal Digest p. 342 sec. 221, 222, p. 343 sec. 223, 230; Wharton American Criminal Law, sec. 399 400.

But the District Attorney contends, and we are aware, that in the case of Harris, 27 An. 572, this Court held different views and reached a different conclusion. We have fully considered that case, and after mature reflection we have concluded not to follow it. We find better doctrines and a closer obedience to law in the enunciations of the Court in more recent cases, which clearly, although impliedly, reverse that case. State vs. Thomas 29 An. 601; State vs. Green 36 An. 99; State vs. Green 37 An. 27.

In justice to the trial judge in this case, we must state that in his reasons overruling the defendant's motion on the point at issue, he expressed views in accordance with our present conclusions, and that he reluctantly shaped his course under the ruling in the Harris case.

In view of the discrepancy on this point in our reports, we have given to this subject more than usual care, thought and study, and our conclusions, although we are always reluctant to disturb the verdicts of juries, force us to give relief to the accused in this case.

It is therefore ordered, adjudged and decreed that the sentence appealed from be set aside, that the verdict of the jury be annulled, avoided and reversed, that the indictment against the accused be quashed, and that he remain in custody to await the further action of the Parish of St. Landry.