# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                    NEWS RELEASE #026

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **3rd day of May, 2017**, are as follows:

**PER CURIAM(S)**:

2016-KK-1518       STATE OF LOUISIANA v. GLENN COOK (Parish of Orleans)

Accordingly, we grant the state's application and vacate the district court's ruling.
VACATED.

WEIMER, J., dissents and assigns reasons.
CRICHTON, J., additionally concurs, assigning reasons.
GENOVESE, J., dissents for the reasons assigned by Justice Weimer.

## SUPREME COURT OF LOUISIANA

## No. 2016-KK-1518

## STATE OF LOUISIANA

## VERSUS

## GLENN COOK

## ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

**PER CURIAM**

Writ granted. This matter presents the closely interrelated questions of whether persons who are found not guilty of a sex offense by reason of insanity are subject to the sex offender registration and notification requirements of La.R.S. 15:540 et seq., and whether a petition for injunctive relief or for declaratory judgment regarding those requirements must be filed in the manner established by La.R.S. 15:544.1 when it pertains to such persons. Finding that the legislature chose for reasons of public safety to treat persons convicted of a sex offense the same as those found not guilty by reason of insanity for purposes of the sex offender registration and notification law, we conclude the district court erred in both finding it was the proper forum to hear respondent's claim and in ruling that respondent be relieved of the obligation to register.

Although he bears various diagnoses, the 56-year-old respondent suffers from severe chronic mental illness involving at times paranoia, delusional and disordered thought processes, and mood instability. He has been in and out of psychiatric treatment since he was a teenager. In 1986, the district court found him not guilty by reason of insanity of attempted aggravated rape, an offense he attempted to commit while in an overtly psychotic state, and the court committed

him to inpatient psychiatric treatment. He was released from inpatient treatment to a structured group home in 1999, and despite complying with treatment, he relapsed and was committed again to inpatient treatment in 2002. He was released again to another structured living unit in 2004. His treatment notes there indicate he attends an aftercare clinic, remains under psychiatric care, keeps all scheduled appointments, takes medications as directed, and violates no rules in the living unit, nor demonstrates any significant behavioral problems there. Nonetheless, he required emergency treatment in 2009 when he responded poorly to a medication adjustment. In 2015, he required hospitalization when he became acutely psychotic. He returned to the structured living unit in 2016. His treatment notes indicate that, although he cooperates with treatment and has made progress, he is unable to live in an unsupervised setting at this time.

Respondent filed a motion in the same district court in which he was originally found not guilty by reason of insanity, asking to be relieved of his obligation to register as a sex offender. The district court granted the motion. Thereafter, the state through the Attorney General filed a motion to rescind that order, arguing that Orleans Parish Criminal District Court was not the proper forum to make that determination because La.R.S. 15:544.1 establishes a procedure to seek to be relieved of the registration requirements with venue in the 19th J.D.C.:

> Any petition for injunctive relief or for declaratory judgment regarding the registration and notification requirements of this Chapter as they apply to a particular offender convicted of or adjudicated delinquent for a sex offense as defined in R.S. 15:541 or a criminal offense against a victim who is a minor as defined in R.S. 15:541, regardless of the date of conviction, which are based on theories of relief or grounds not specifically provided for in the provisions of this Chapter, shall be filed through ordinary civil proceedings by the offender, the state, the Department of Public Safety and Corrections, office of state police, or the office of the attorney general, in the district court for the parish where the state capitol is situated.

Added by Acts 2013, No. 284, § 1. After a hearing, the district court found this provision inapplicable because respondent was not *convicted* of a sex offense but rather had been found not guilty by reason of insanity. The district court further declined to rescind its previous order. The district court erred.

A legislative statement of the purpose of Louisiana's sex offender registration and notification requirements appears in La.R.S. 15:540. It provides:

> A. The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest. The legislature further finds that local law enforcement officers' efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses and crimes against victims who are minors, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders, sexually violent predators, and child predators who live within the agency's jurisdiction, and the penal and mental health components of our justice system are largely hidden from public view and that lack of information from either may result in failure of both systems to meet this paramount concern of public safety. Restrictive confidentiality and liability laws governing the release of information about sex offenders, sexually violent predators, and child predators have reduced willingness to release information that could be appropriately released under the public disclosure laws, and have increased risks to public safety. Persons found to have committed a sex offense or a crime against a victim who is a minor have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Release of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals.

> B. Therefore, this state's policy is to assist local law enforcement agencies' efforts to protect their communities by requiring sex offenders, sexually violent predators, and child predators to register with state and local law enforcement agencies and to require the exchange of relevant information about sex offenders, sexually violent predators, and child predators among state, local, and federal public agencies and officials and to authorize the release of necessary and relevant information about sex offenders, sexually violent predators, and child predators to members of the general public as provided in this Chapter.

Added by Acts 1992, No. 388, § 1. Amended by Acts 1997, No. 1147, § 1. It is clear from this statement of purpose that, in an effort to protect the public, the legislature enacted the sex offender registration and notification requirements because it found that persons who commit certain sex offenses are particularly likely to commit additional sex offenses in the future. Faced with the heightened risk of recidivism by these offenders, the legislature opted to disseminate information to both the public and law enforcement agencies that would otherwise be unavailable.

Furthermore, it is clear from this statement of purpose that the legislature was concerned not only with the elevated risk that sex offenses would be repeatedly committed by persons with a prior conviction. In fact, the word "convicted" appears only once in that lengthy statement of purpose, within the context of what would appear to be a non-exhaustive list of the sort of information that could assist law enforcement in protecting the community from sex offenders: "The legislature further finds that local law enforcement officers' efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses and crimes against victims who are minors, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders, sexually violent predators, and child predators who live within the agency's jurisdiction, . . . ." In striking comparison, the legislature repeatedly refers in the same statement of purpose to the much broader categories of "sex offenders," "offenders who commit sex offenses," and "persons found to have committed a sex offense." Of particular significance to the questions presented in the present case is the legislature's inclusion of an allusion to mentally ill sex offenders in the form of a reference to release "from incarceration *or commitment*," and an expression of concern that "the penal *and mental health components* of our justice system are largely hidden from public view and that lack of information

4

from either may result in failure of both systems . . . ." These latter aspects have appeared in the legislative statement of purpose from the beginning and were unaffected by the 1997 amendment, which only broadened the statement of purpose to encompass sexually violent predators and those who prey on children.

As noted above, La.R.S. 15:544.1 establishes procedures for challenging the registration and notification requirements "as they apply to a particular offender *convicted of* or adjudicated delinquent for a sex offense" and further establishes venue for that challenge in the 19th J.D.C. Similarly, La.R.S. 15:542(A) requires "[a]ny adult residing in this state who has pled guilty to, has *been convicted of*, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit" certain sex offenses and criminal offenses against a minor victim, as further specified within other provisions, to register and provide notification. Respondent here contends that he is neither obligated to register nor bound by that venue requirement, because those provisions refer only to persons convicted of a sex offense and a finding of not guilty by reason of insanity is not tantamount to a conviction.

Respondent is correct that a finding of not guilty by reason of insanity is not tantamount to a conviction. A finding of not guilty by reason of insanity is a determination that defendant undoubtedly committed the charged criminal act but he cannot be punished for it because he was legally insane at the time of his actions. *See State v. Branch*, 99-1484, p. 1 (La. 3/17/00), 759 So.2d 31, 32 (per curiam) ("A Louisiana jury considering an accused's dual plea of not guilty and not guilty by reason of insanity must nevertheless first determine whether the state has proved the essential elements of the charged offense beyond a reasonable doubt before it may proceed to a determination of whether he was incapable of distinguishing between right and wrong at the time of the offense and therefore exempt from criminal responsibility for his acts."); *see also Jones v. United States*,

5

463 U.S. 354, 363, 103 S.Ct. 3043, 3049, 77 L.Ed.2d 694 (1983) ("A verdict of not guilty by reason of insanity establishes two facts: (i) the defendant committed an act that constitutes a criminal offense, and (ii) he committed the act because of mental illness.").

However, the fact that a finding of guilty and a finding of not guilty by reason of insanity are not the same within ordinary legal usage does not answer the question of whether the legislature intended to require persons found not guilty by reason of insanity to register. That question is answered by the definitions section of the sex offender registration and notification law, specifically by La.R.S. 15:541(7), which provides:

> "Conviction or other disposition adverse to the subject" means any disposition of charges, except a decision not to prosecute, a dismissal, or an acquittal, except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed. However, a dismissal entered after a period of probation, suspension, or deferral of sentence shall be considered a disposition adverse to the subject.

This provision defines for purposes of the registration and notification law "conviction or other disposition adverse to the subject" to exclude an acquittal "except when the acquittal is due to *a finding of not guilty by reason of insanity and the person was committed*." Respondent here was both acquitted due to a finding of not guilty by reason of insanity and then committed, and therefore falls within the reach of this definition.

Under the general rules of statutory construction, the interpretation of any statutory provision begins with the language of the statute itself. *McGlothlin v. Christus St. Patrick Hosp.*, 10-2775, p. 11 (La. 7/1/11), 65 So.3d 1218, 1227. When the provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. Civ. Code art. 9; La. Rev. Stat. § 1:4; *Milbert v. Answering*

6

*Bureau, Inc.*, 13-0022 (La. 6/28/13), 120 So.3d 678, 684. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. La. Civ. Code art. 11; La. Rev. Stat. § 1:3; *see also Snowton v. Sewerage and Water Bd.*, 08-0399, pp. 5–6 (La. 3/17/09), 6 So.3d 164, 168.

While La.R.S. 15:541(7) could be better drafted, we cannot say its meaning is unclear. It defines conviction to include any disposition of the charges other than those specifically excluded, such as an acquittal, and further excludes from acquittals those that result from a finding of not guilty by reason of insanity when the person is committed. Thus, a conviction, for purposes of the sex offender registration and notification law, is specifically defined to include a finding of not guilty by reason of insanity, provided the person was also committed. Therefore, the word "conviction" throughout that law should be read to encompass not only those convicted but also "persons found not guilty by reason of insanity and committed," as the legislature has directed.

The fact that the legislature also swept up "other disposition adverse to the subject" within this definition, and in fact chose to group those dispositions together with convictions within quotation marks, does not change our view. The legislature's use of "conviction or other disposition adverse to the subject" (set off by quotation marks within the definition) followed by the failure to use that unitary phrase within the remainder of the sex offender notification and register law (with two exceptions)[1] might raise an interpretational question that could implicate the rule of lenity in a criminal statute.[2] The registration and notification law is,

[1] La.R.S. 15:541(8) and (19) also reference "conviction or other disposition adverse to the subject." Those provisions define "conviction data" and "nonconviction data" and those definitions are utilized in La.R.S. 15:548, which pertains to the dissemination of criminal history records.

[2] Regarding lenity, this court has stated:

7

however, a civil regulatory scheme that is intended to alert the public and law enforcement for purposes of public safety; it is not part of a sex offender's punishment. *See State ex rel. Olivier v. State*, 00-0172, p. 20 (La. 2/21/01), 779 So.2d 735, 747 ([I]t is apparent that the intent of the Legislature was to alert the public for the purpose of public safety, a remedial intent, not to punish convicted sex offenders."). While criminal statutes are to be construed strictly, *State ex rel. Robinson v. Blackburn*, 367 So.2d 360, 363 (La. 1979), we previously explained that this civil regulatory scheme governing sex offender registration and notification should be read "in its entirety according to its paramount governmental interest of protecting the citizens of this state," *State v. Clark*, 12-1296, p. 6 (La. 5/7/13), 117 So.3d 1246, 1250. When read in its entirety, and in particular in light of the legislative statement of purpose, the legislature has made its interest in this provision perfectly clear, and we are bound to effectuate that intent. *See State v. Piazza*, 596 So.2d 817, 819 (La. 1992) ("Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute."). Furthermore, we cannot say it is unreasonable that the legislature would choose, as a matter of public safety, to disseminate information regarding those proved beyond a reasonable doubt to have committed certain sex offenses, regardless of whether the

---

> The principle of lenity developed on the basis that a person should not be criminally punished unless the law has provided a fair warning of what conduct will be considered criminal. 3 N. Singer, at § 59.04. The rule does not merely reflect a convenient maxim of statutory construction, but is based on the fundamental principle of due process that no person should be forced to speculate whether his conduct is prohibited. *Dunn v. United States*, 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979). Questions concerning the ambit of a criminal statute should be resolved in favor of lenity. *Huddleston v. United States*, 415 U.S. 814, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974). *The rule of lenity applies not only to interpretations of the substantive ambit of criminal laws, but also to the penalties imposed by those laws. Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1989); *State v. Bosworth*, 373 So.2d 152 (La.1979).

*State v. Piazza*, 596, So.2d 817, 820 (La. 1992) (emphasis added).

8

offender had the capacity at the time of the offense to be held criminally culpable for his actions.

Finding that any ambiguity in these provisions can be resolved by reading the law in its entirety and with reference to the legislature's statement of purpose, we hold that the term conviction, as used within the sex offender registration and notification law, has been defined by La.R.S. 15:541(7) to exclude an acquittal "except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed." Because respondent falls within the plain language of that definition, he was bound to seek the relief he requested within the 19th J.D.C. in accordance with La.R.S. 15:544.1. Therefore, the district court erred in not rescinding its ruling that relieved respondent of the obligation to register as a sex offender. Accordingly, we grant the state's application and vacate the district court's ruling.

# SUPREME COURT OF LOUISIANA

## No. 2016-KK-1518

## STATE OF LOUISIANA

## VERSUS

## GLENN COOK

## ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT PARISH OF ORLEANS

**WEIMER, J. dissenting**

I respectfully dissent.

This matter tests this court's commitment to the ancient and bedrock principle that a court must apply the law as written by the legislature and that the court is bound by the words the legislature enacted.[1] Rather than deviate from that bedrock principle, and precisely because the sex offender registration and notification provisions of La. R.S. 15:540 et seq. apply by their plain language to persons convicted of certain sex offenses but not to persons found not guilty by reasons of insanity, I would find the district court correctly determined it was the proper forum to hear respondent's claim and in ruling that respondent was under no obligation to register.

As the majority acknowledges, La. R.S. 15:544.1 establishes procedures for challenging the registration and notification requirements "as they apply to a particular offender *convicted of* or adjudicated delinquent for a sex offense" and

---

[1] *See, e.g., State v. Williams*, 37 La.Ann. 776, 777 (1885) ("Courts cannot safely hold that the Legislative intent is not conveyed by the words used in a statute, unless the words or the language to be construed are glaringly ambiguous or clearly redundant."); *see also Castrique v. Page*, (1853) 138 Eng. Rep. 1278, 1280 (C.B.) (Jervis, C.J.) (describing this principle as "the golden rule of statutory construction" and noting that the court was not "at liberty to speculate as to what would be most conducive to the benefit of the public, and as to the reasons which induced the legislature to enact as they have done, instead of endeavoring to put a construction upon the words we find, . . . .").

further establishes venue for that challenge in the 19th J.D.C. Similarly, La. R.S. 15:542(A) requires "[a]ny adult residing in this state who has pled guilty to, has *been convicted of*, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit" certain sex offenses and criminal offenses against a minor victim, as further specified within other provisions, to register and provide notification. The majority recognizes that the prerequisite there be a *conviction* not only appears in these two provisions but permeates the entire sex offender registration and notification law. The majority finds, however, based on the definition of "conviction or other disposition adverse to the subject" provided in La. R.S. 15:542(7), that the word "conviction"—in each instance in which it appears in the sex offender registration and notification law— is synonymous with an acquittal due to a finding of not guilty by reasons of insanity.

The majority bases that conclusion on two brief references that appear in the legislative statement of purpose provided in La. R.S. 15:540—references to "incarceration *or commitment*" and "the penal *and mental health components* of our justice system"—as indicating a clear legislative intent that persons found not guilty of a sex offense by reason of insanity should be treated identically as those convicted of a sex offense. Notably, however, no explicit statement of that proposition appears in La. R.S. 15:540, and as to the purpose of those two brief references this court can only speculate.

Regardless, statutory interpretation begins not with speculation as to what the legislature might have intended; statutory interpretation begins "as [it] must, with the language of the statute." *Bailey v. United States*, 516 U.S. 137, 143, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). "Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning." *State v. Oliphant*, 12-1176, p. 5 (La. 3/19/13), 113 So.3d

165, 168; *see also Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) ("In any event, canons of construction are no more than rules of thumb to help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" (citations omitted)).

In Louisiana, "convicted" means adjudicated *guilty* after a plea or after a trial on the merits. La. C.Cr.P. art. 934(3). Louisiana, unlike some other states, does not provide for a verdict in criminal cases of guilty but mentally ill. *See generally State v. Branch*, 99-1484 (La. 3/17/00), 759 So.2d 31; *see also* Judith A. Northrup, *Guilty but Mentally Ill: Broadening the Scope of Criminal Responsibility*, 44 Ohio St. L.J. 797 (1983) (distinguishing "guilty but mentally ill" from "not guilty by reason of insanity" and discussing the history of the insanity defense). While the legislature is free to define conviction for purposes of the sex offender registration and notification law to include an acquittal by reason of the insanity,[2] the majority's conclusion that the legislature has done so in La. R.S. 15:541(7) is mistaken.

---

[2] For example, the legislature did so for purposes of the arson registry:

> "Conviction" means any disposition of charges adverse to the defendant, including a plea of guilty, deferred adjudication, adjudication withheld for the perpetration or attempted perpetration of or conspiracy to commit an offense involving arson. "Conviction" shall not include a decision not to prosecute, a dismissal, or an acquittal, except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed. However, a dismissal entered after a period of probation, suspension, or deferral of sentence shall be included in the definition of "conviction" for purposes of this Chapter.

La.R.S. 15:562.1(1). That definition is significantly different from the definition provided in La.R.S. 15:541(7), which is reproduced and discussed at length herein. It should also be noted that it is a far simpler matter to comply with the arson registration requirements than the much more onerous registration and notification requirements imposed on sex offenders.

3

Appearing in the definitions section of the sex offender registration and notification law, La.R.S. 15:541(7) provides:

> "Conviction or other disposition adverse to the subject" means any disposition of charges, except a decision not to prosecute, a dismissal, or an acquittal, except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed. However, a dismissal entered after a period of probation, suspension, or deferral of sentence shall be considered a disposition adverse to the subject.

As is readily apparent from its plain language, the statute defines a term—conviction or other disposition adverse to the subject—to, among other things, exclude an acquittal "except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed." Having defined the term "conviction or other disposition adverse to the subject," the legislature proceeds to use it twice in the remainder of the sex offender registration and notification law: in La. R.S. 15:541(8) and (19). The former defines a "conviction record" to include "criminal history record information relating to an incident which has led to a conviction or other disposition adverse to the subject." The latter defines "nonconviction data" to include "all criminal history record information relating to an incident which has not led to a conviction or other disposition adverse to the subject, and for which proceedings are no longer actively pending." Conviction records and nonconviction data are the subject of rules pertaining to the dissemination of information by criminal justice agencies, which are beyond the scope of the present case. It suffices to say the legislature defined a term, i.e. "conviction or other disposition adverse to the subject" in the definitions section and then utilized it elsewhere in this law, as is to be expected. Notably absent, however, is any use of the term "conviction or other disposition adverse to the subject" in La. R.S. 15:542 (when it declares who is obligated to register) or La. R.S. 15:544.1 (when it provides a mechanism and a forum for disputing the registration requirements), which refer to conviction.

4

When a term used in a statute is undefined, as conviction is here, it is to be given its ordinary meaning. *See FDIC v. Meyer*, 510 U.S. 471, 476, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994) ("In the absence of such a definition, we construe a statutory term in accordance with its ordinary or natural meaning."). Furthermore, as stated emphatically by the United States Supreme Court and reproduced above, "[w]e have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." As this court has found, "'[w]hen a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written with no further interpretation made in search of legislative intent.'" *State v. Williams*, 10-1515, p. 6 (La. 3/15/11), 60 So.3d 1189, 1192 (quoting *Cat's Meow v. City of New Orleans*, 98-0601, p. 15 (La. 10/20/98), 720 So.2d 1186, 1198).

No absurdity is apparent in applying this law as it is written. To the contrary, the majority's finding that all persons found not guilty by reason of insanity of a sex offense must register without regard to any individual determination as to their ability to comply with the law or any individual assessment of their danger to the community skirts far closer to an absurd consequence than applying the plain and unequivocal language of the statute. In the first place, such an individualized assessment appears quite feasible under current law. Specifically, La. C.Cr.P. art. 657.1(B) authorizes the conditional discharge from inpatient treatment of an insanity acquitee subject to "such orders and conditions it seems will best meet the acquittee's need for treatment, supervision, and monitoring and will best serve the interests of justice and society." Such broad grant of authority to the district court would appear to include the authority to order the insanity acquittee to comply with part or all of the sex offender registration and notification provisions, as deemed by the district court to meet that person's capabilities, need for supervision and monitoring, and to best serve the interests of society.

5

In contrast with this sensible and individualized approach, the majority's position potentially sanctions a Kafkaesque scenario whereby a person who is found not guilty of a sex offense by reason of insanity and fails to register must present another insanity defense, this one to the felony charge of failure to register (and presumably another when he fails to register after that, and another, with no end in sight).[3] Such a result is evocative of the old saying (attributed to many, including both Benjamin Franklin and Albert Einstein), "Insanity is doing the same thing over and over and expecting different results." It also disregards the reality that, while legal insanity or impossibility may be a valid defense to a charge of failure to register, a defendant typically only prevails on a defense after being subjected to a potentially lengthy pretrial incarceration (which can result in the loss of employment and housing), and enduring substantial distress. A severely and chronically mentally ill person, such as the respondent in this case, would appear particularly ill-suited to endure that process, which could be why the legislature drafted the sex offender registration and notification law in a manner that, while allowing dissemination of information by criminal justice agencies pertaining to persons found not guilty by reason of insanity, does not impose the onerous registration and notification requirements on them. But, as noted above, no inquiry into legislative intent is appropriate when the language of the statute is clear.

The majority's conclusion that La. R.S. 15:541(7) defines conviction to be synonymous with a finding of not guilty by reason of insanity for the purposes of La. R.S. 15:542 and 15:544.1 is also in conflict with another provision of the sex offender registration and notification law. The provision that authorizes the release

[3] The idea that a defendant might prevail on a repeated series of insanity defenses is used rhetorically here only to illustrate the point. Given the difficulty of ever mounting a successful insanity defense, *see generally* Ira Mickenberg, *A Pleasant Surprise: the Guilty But Mentally Ill Verdict has Both Succeeded in Its Own Right and Successfully Preserved the Traditional Role of the Insanity Defense*, 55 U. Cin. L. Rev. 943, 968–69 (1987) (reviewing studies showing insanity defense rarely used and increasingly rarely successful), repeatedly prevailing on an insanity defense seems extremely unlikely. The more likely outcome seems that the application of the sex offender registration and notification law, as sanctioned by the majority, would simply result in the eventual incarceration of persons found not guilty of a sex offense by reason of insanity.

of information by criminal justice agencies and provides for civil immunity, La. R.S. 15:546, provides in Part (B)(1):

> An elected official, public employee, public agency, or criminal justice agency shall be immune from civil liability for damages for any discretionary decision to release relevant and necessary information, unless it is shown that the official, employee, or agency acted with gross negligence or in bad faith. The authorization and immunity in this Chapter apply to information regarding:
>
> (a) A person who has been convicted of a sex offense or criminal offense against a victim who is a minor, or who has been determined to be a sexually violent predator as defined in this Chapter.
>
> (b) A person found not guilty by reason of insanity of a sex offense or criminal offense against a victim who is a minor.
>
> (c) A person found incompetent to stand trial for a sex offense or criminal offense against a victim who is a minor and subsequently committed to a treatment facility or institution or hospital.

Added by Acts 1992, No. 388, § 1. Amended by Acts 1997, No. 1147, § 1. If "a person who has been convicted of a sex offense" is synonymous with "a person found not guilty by reason of insanity of a sex offense" then La. R.S. 15:546(B)(1)(b) is wholly superfluous. *See In re Succession of Boyter*, 99-0761, p. 9 (La. 1/7/00), 756 So.2d 1122, 1129 ("Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided."). In addition, the written notification form, provided in the sex offender registration and notification law, and to be used by courts to provide the offender with the information necessary to be aware of his registration obligation and how to fulfil that obligation, makes no reference to persons found not guilty by reason of insanity. Instead, it indicates that the offender has "pled guilty to, been found guilty of, or been adjudicated delinquent of" an offense that requires registration. *See La. R.S. 15:543.1.

Presuming the legislature said in the sex offender registration and notification law what it meant and meant in that law what it said, I respectfully decline to follow the majority's lead and delve into legislative intent when the

language of the law is unequivocal. Under the plain the language of La. R.S. 15:541(7), 15:542, and 15:544.1, respondent, who was found not guilty of attempted rape in 1986 by reason of insanity, committed for treatment, and now lives in a supervised living facility where he cooperates fully with treatment and shows no indication that he presents a risk to the public, is neither obliged to register as a sex offender nor is required to seek a declaration that he is not so required in the 19th J.D.C. Therefore, I would find the district court correctly declined the state's request to rescind that court's ruling that respondent is under no obligation to register as a sex offender, and the court of appeal correctly unanimously denied writs.

# SUPREME COURT OF LOUISIANA

## No. 2016-KK-1518

## STATE OF LOUISIANA

## VERSUS

## GLENN COOK

## ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

**CRICHTON, J.** additionally concurs and assigns reasons:

The respondent/defendant has argued that a finding of not guilty by reason of insanity is not tantamount to a conviction—which is true. However, such a disposition does not mean that the defendant did not commit the charged offense. It is only because he was incapable of distinguishing right from wrong at the time that he is exempt from criminal responsibility. He is not innocent; he does not stand exonerated. Indeed, as explained in the majority opinion, a finding of not guilty by reason of insanity constitutes a "disposition adverse to the subject." *See* R.S. 15:541(7); *State v. Branch*, 99-1484 (La. 3/17/00), 759 So. 2d 31 ("[A] verdict of not guilty by reason of insanity rests on a determination by the factfinder that the defendant committed the acts charged against him. . .").

In my view, any defendant found not guilty by reason of insanity, treated, and returned to the public, has the potential for relapse and, in such an event, poses no less a risk than one who is convicted, incarcerated for a period of time, and then released into the community. Considering the heightened risk, I believe the public has a corresponding heightened expectation and a right to know that this once insane defendant committed attempted aggravated rape and has returned to the community. Accordingly, it is consistent with law, legislative intent, and public policy that this respondent/defendant be required to register as a sex offender.

05/03/2017

# SUPREME COURT OF LOUISIANA

# No. 2016-KK-1518

# STATE OF LOUISIANA

# VERSUS

# GLENN COOK

# ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

**GENOVESE, J., dissents for the reasons assigned by Weimer, J.**